George F. Roberts, J.
This is a motion by the defendant for an order restraining the District Attorney of New York County from interrogating or cross-examining the defendant concerning his prior criminal record, if he exercises his right to appear and testify before the Grand Jury (CPL 190.50, subd 5, par [a]).
There is no doubt that when a defendant elects to appear before the Grand Jury he must waive his right against self incrimination and is subject to examination by the People (CPL 190.50, subd 5, par [b]). The defendant, however, urges that under the doctrine expressed in People v Sandoval (34 NY2d 371) he is entitled to a ruling on the admissibility of his prior convictions before he appears. There is a persuasive logical appeal in the defendant’s hypothesis.
In Sandoval, the Court of Appeals held that a defendant was entitled to a pretrial ruling as to the permissible scope of cross-examination concerning his prior criminal history. The decision is based upon a trial court’s discretionary power to preclude evidence which is more prejudicial than probative, and not upon constitutional or statutory grounds (People v Sandoval, supra; see, also, People v Duffy, 44 AD2d 298; United States v Palumbo, 401 F2d 270; Luck v United States, 348 F2d 763). If this defendant’s prior criminal record would be inadmissible because of its prejudicial effect on a trial jury, it is not rendered less prejudicial because it is presented to a *530 Grand Jury. Nonetheless, a consideration of the functional and procedural differences between grand and petit juries and the public interest in the fair and expeditious administration of justice leads the court to the conclusion that the defendant’s motion for a prospective ruling should be denied.
A Grand Jury performs the limited function of determining whether the People have in their possession sufficient evidence to present a prima facie case (People v Avant, 33 NY2d 265, CPL 190.65, subd 1). In making that determination, the Grand Jury is expressly made subject to the rules of evidence contained in article 60 (CPL 190.30, subd 1), including those regarding proof of prior convictions (CPL 60.40). The Grand Jury, as a body of lay persons, obviously requires instruction as to the law applicable to a particular case, including the law of evidence. The legal advisors of the Grand Jury are the court which impaneled it and the District Attorney (CPL 190.25, subd 6). In recognition of the fact that a grand jury proceeding is the only criminal proceeding not presided over by a court or Judge, CPL 190.30 (subds 3, 4) provides as follows:
"3. Wherever it is provided in Article sixty that the court in a criminal proceeding must rule upon the competency of a witness to testify or upon the admissibility of evidence, such ruling may, in an equivalent situation in a grand jury proceeding, be made by the district attorney.
"4. Wherever it is provided in Article sixty that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the jury.”
In the instant case it is clear, therefore, that the statute envisions the District Attorney’s making the ruling on the admissibility of prior convictions to impeach. If he does so cross-examine a defendant, the duty to instruct the Grand Jury as to the limited purpose for which the evidence is admitted is likewise placed on the District Attorney. Any such instructions given must be recorded in the minutes (CPL
190.25, subd 6). Should the District Attorney engage in cross-examination or give erroneous instructions which may result in prejudice to the defendant, the resulting indictment will be subject to dismissal pursuant to CPL 210.20, (subd 1, par [c]) on the ground that the integrity of the grand jury proceeding was impaired (CPL 210.35, subd [5]; see People v Percy, 45 *531 AD2d 284; People v Blair, 17 Misc 2d 265; People v Benin, 186 Misc 548; see, also, ABA Standards for Criminal Justice, The Prosecution Function, Standard 3.5 and 3.6 and the commentary thereon). The court therefore concludes that the ruling requested in this motion is the proper province of the District Attorney, subject to the limited judicial review noted above.
Even if this statutory scheme did not exist, the very nature of a grand jury proceeding would require it. If a court must rule on the competency, admissibility, and legal effect of evidence prior to its submission to a Grand Jury, the traditional function of that body will be delayed and impaired to the point where it would cease to perform a useful purpose. Adding yet another layer of motions upon our already overburdened criminal courts would create the certainty of prejudice for all criminal defendants in order to prevent the hypothetical prejudice to a defendant due to hypothetical misconduct of a District Attorney. As the Supreme Court aptly noted in United States v Dionisio (410 US 1, 17), "Any holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public’s interest in the fair and expeditious administration of the criminal laws.” In light of the fact that the Supreme Court has held that a grand jury proceeding should not be' delayed for suppression hearings based on constitutional grounds (United States v Dionisio, supra; United States v Calandra, 414 US 338), it would be anomalous to require delay for a pre-indictment evidentiary ruling addressed to judicial discretion.
The motion therefore is denied in all respects.