OPINION OF THE COURT
Paul T. D’Amaro, J.
This motion for a dismissal of the indictment herein presents a question of the nature of a prospective defendant’s right to appear and testify before the Grand Jury.
The Grand Jury in question has charged the defendants with three counts of criminal activity, to wit: (1) assault in the second degree (Penal Law, § 120.05); (2) resisting arrest (Penal Law, § 205.30); and (3) obstructing governmental administration (Penal Law, § 195.05).
Each count arises from the same event, namely, a confrontation with the police officers who had responded to a compar *390 atively minor auto accident. The car was being driven by Vincent J. Dunbar. Together with his wife and his son, the defendant Vincent A. Dunbar herein, they were returning from a wedding reception when the car ran off the road. William S. Dunbar, also returning from the reception, was driving his own car. The ensuing encounter between the members of the Dunbar family and the members of the police force led to this indictment.
In accordance with the provisions of CPL 190.50, Vincent J. Dunbar and Vincent A. Dunbar appeared and testified before the Grand Jury. (The court notes that on the next day, the same Grand Jury indicted Vincent J. Dunbar, under Indictment No. 2898-78 for crimes allegedly arising from the same incident, to wit: [1] resisting arrest and [2] operating a motor vehicle while under the influence of alcohol. The companion motion to dismiss that indictment is being decided by separate order.)
The pertinent portion of the statute, CPL 190.50 (subd 5, par [b]), reads as follows: "Upon appearing * * * and upon signing * * * a waiver of immunity * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving said evidence, he is subject to examination by the people.”
Counsel’s first point — the People have no right to cross-examine such a witness at all — is in the face of the express language of the statute without basis. (See People v Adams, 81 Misc 2d 528.)
While the right of a prosecutor to cross-examine such a witness cannot be seriously disputed, this motion also questions the time at which such right arises. The language of the statute is plain enough. "Upon giving such evidence, he is subject to examination by the people.” (CPL 190.50, subd 5, par [b].)
A review of the Grand Jury minutes unequivocally shows that, upon completion of a preliminary interrogation of the witness concerning his understanding of the import of his signing of a waiver of immunity, the prosecutor embarked upon a lengthy examination of the witness and did not offer the witness the opportunity to present evidence in his own behalf until he, the prosecutor, completed his examination. The prosecutor objected to the witness’ statement on the basis *391 of relevancy before he was able to get into his version of the events.
CPL 190.50 (subd 5) is derived from former section 257 of the Code of Criminal Procedure (as amd by L 1940, ch 643) which read as follows: "When any person has reason to believe that a grand jury is investigating a charge that he has committed a crime”, he may request to be heard, and thereupon the Grand Jury "shall hear such person * * * and may cross-examine him if he so testifies.”
Extensive research has uncovered a paucity of cases — one to be exact — dealing with the issue raised herein. Due in part undoubtedly to the fact that seldom has the clear and plain language of the statute been called into question.
In any event, this court concurs with the principles expressed by the court in that one case, People v Blair (17 Misc 2d 265). There, the court addressing a defendant’s rights under CPL 257 said (pp 268-269): "While a Grand Jury is invested with the power to fix its own methods of procedure, so far as they are discretionary and not violative of any statute * * * a departure, either by tactics or strategy employed or any subterfuge resorted to in order to defeat the purposes and value of this statute * * * would present serious considerations with respect to the validity of the indictment. In fact, the deprivation of, or interference with this statutory right would justify setting aside the indictment(Emphasis added.)
The court went on to say (p 269): "The situation created under such circumstances required, of course, intelligent handling. The better practice * * * is to allow the witness a reasonably fair opportunity to give his version of the matter under investigation, at first without interruption and then, if any grand juror or the District Attorney wishes to test or impeach his credibility, he may be cross-examined, just as may be done in the case of a witness who offers himself to testify before a trial jury.”
If any difference exists between the former law and the present law, it will be found in the fact that the present law with greater exactitude than the former law specifies that cross-examination is to take place after the giving of direct testimony.
The procedure used by the District Attorney herein violated defendant’s rights under the law, in that it deprived him of, and interfered with, his statutory right to first offer his *392 version, without interruption, of facts relevant to the matter under investigation.
Nor may it be said that the District Attorney’s offer at the conclusion of his questioning to allow the witness to then give his testimony satisfies the statutory mandate.
The court has considered the numerous other challenges defendants’ counsel have made to the indictment — lack of legally sufficient evidence, improper charges to the Grand Jury, etc. — and has found them to be without merit.
For the foregoing reasons, the motion to dismiss this indictment herein is granted with leave to the People to re-present the matter to the Grand Jury.