## (February 5, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN GREEN, Appellant. — Appeal from a judgment of the County Court of Tompkins County, rendered October 24, 1978, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree and criminal possession of stolen property in the second degree. As a result of incidents which allegedly occurred in the City of Ithaca on September 21, 1977 and September 22, 1977, wherein the residence of one Arthur Watkins was illegally

entered and property was stolen therefrom, defendant was indicted for the crimes of burglary in the second degree and criminal possession of stolen property in the second degree. Following a jury trial during March of 1978, she was acquitted on the burglary charge, but convicted of criminal trespass in the second degree and criminal possession of stolen property in the second degree. On October 24, 1978, she was sentenced to a conditional discharge on both convictions, and this appeal ensued. Initially, we cannot agree with the People's contention that defendant's appeal should be deemed abandoned because she failed to comply with rule 800.12 of this court (22 NYCRR 800.12) which provides that an appeal shall be deemed abandoned where an appellant fails to serve and file a record and brief within one year from the date of the judgment appealed from. Even assuming, *arguendo,* that the cited rule applies to criminal proceedings, the People's argument obviously has no merit because this court granted all of defendant's motions for an extension of time to make the necessary filings. That being so, we turn to defendant's first contention and find that we must agree that the indictment against her was founded upon a defective Grand Jury proceeding because she was not permitted to testify as required by CPL 190.50 (subd 5). That subdivision provides, in pertinent part, as follows: "a person has a right to be a witness in a grand jury proceeding * * * (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf * * * (b) * * * Upon appearing * * * and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people." In the present instance, defendant appeared before the Grand Jury which was considering charges against her and submitted a waiver of immunity pursuant to CPL 190.45. She then began her Grand Jury testimony by stating that she had difficulty explaining things, a problem with which she had been afflicted since her deaf-mute child had been killed in a fire at her home two years earlier. Next, she attempted to relate the events of September 21, 1977, but she was interrupted twice by the Assistant District Attorney in her first six pages of testimony. Following the second interruption, the prosecutor proceeded to question and cross-examine her for approximately 16 pages at which point she was excused and permitted to give no further testimony. This action was taken after the Grand Jury was polled and indicated that it did not wish to hear anything further from defendant and despite defendant's protests that she had not finished, nor even reached the main part of her testimony. Defendant's attorney also immediately protested this action and requested that his client be allowed to complete her testimony, but his plea was similarly rejected. Subsequently, defendant timely moved for a dismissal of the indictment which ensued on the ground that the Grand Jury proceeding was defective (see CPL 190.50, subd 5, par [c]; 210.20, subd 1, par [c]; 210.35, subd 4), and her motion was denied. In our judgment, the motion should have been granted, and the indictment must, accordingly, now be dismissed. Any fair reading of the statutory language quoted above plainly establishes that a Grand Jury witness testifying in his or her own behalf must be allowed to give any relevant and competent evidence concerning the case at issue and that such a witness may be examined by the People after the witness gives his or her evidence. Here, defendant was interrupted by the prosecutor after she had testified for only a short time, and she was never allowed to complete her

testimony. Moreover, while her testimony was detailed, it related to the events on the night in question, September 21, 1977, and certainly cannot be deemed irrelevant or incompetent upon the instant record. Most significantly, her conduct also cannot be properly said to constitute a filibuster of the Grand Jury proceedings, particularly when her admitted problem with communicating is considered. Under these circumstances, the action of the prosecutor in interrupting defendant's testimony and then not allowing her to give further evidence was obviously improper and rendered the resultant indictment defective (cf. *People v Dunbar*, 100 Misc 2d 389). As a consequence, defendant's absolute right to testify was abridged, and it was error to deny her dismissal motion (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, p 145). We reach no other issue. Judgment reversed, on the law, and indictment dismissed with leave to the People to represent the matter to the Grand Jury. Kane, J.P., Main, Mikoll, Casey and Herlihy, JJ., concur.