OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with four counts of sexual abuse in the first degree and four counts of endangering the welfare of a child; six counts were dismissed after an inspection of the Grand Jury minutes. The People were given permission to resubmit the matter to a second Grand Jury, and the court offered to assist the prosecutor in qualifying a child witness to testify before that body. This procedure was acceptable, the said witness was found competent to testify under oath, and the second Grand Jury returned a superseding indictment.
The defendant objected to the court’s voir dire of the child *1073 witness to determine her competency, claiming the court was acting as an advocate rather than as a neutral magistrate. Because the court regarded its action as uneventful while the defendant felt it was extraordinary, the defendant’s request that this matter be reconsidered was granted.
CPL 190.30 (6) provides as follows: "Whenever it is provided in article sixty that the court in a criminal proceeding must rule upon the competency of a witness to testify * * * such ruling may, in an equivalent situation in a grand jury proceeding, be made by the district attorney” (emphasis added).
The District Attorney under the authority of that subdivision normally determines the competency of witnesses who appear before the Grand Jury. In one case the District Attorney determined the competency of a 10-year-old rape victim, and she was properly sworn after being asked several preliminary questions by the District Attorney, to testify before the Grand Jury (People v Gallo, 69 AD2d 1001), while in another, the testimony of an 11-year-old witness was incompetent where the District Attorney made no ruling on the capacity of that witness to testify before a Grand Jury (People v Zigles, 119 Misc 2d 417).
However, this does not necessarily mean that it is only the District Attorney who can rule on the testimonial capacity of a witness who appears before a Grand Jury. The word "may” in its natural and ordinary sense does not import a command, but merely signifies permission, ability or possibility, and generally it denotes that the action is optional with the person concerned, or rests in the discretion of the body to which permission is given (People v De Renna, 166 Misc 582; McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [a]). Thus, the court is not precluded by that subdivision from also qualifying a witness before a Grand Jury.
There is a dearth of case law in this area, but several decisions at least imply that the action of this court was proper.
In People v Sexton (187 NY 495), children under the age of 12 testified before a Grand Jury after the District Attorney complied with Code of Criminal Procedure § 392, the predecessor section to CPL 60.20. The defendant moved for dismissal of the indictment upon the ground that the children had not been examined by the court presiding over the Grand Jury; he claimed that only such Justice had the right to conduct such examination. That contention was rejected by the Court of *1074 Appeals, and the indictment was upheld. It held that even assuming the soundness of the defendant’s argument, the validity of the indictment was not affected for reasons the court went on to explain. The point to be made is that that court, having the opportunity to do so, did not interpret this subdivision to require that the District Attorney alone rule on a witness’s competency to testify before a Grand Jury. It indicated that the subdivision was permissive and that it would not have been improper for the court to have acted in lieu of the prosecutor.
People v Gorgone (47 AD2d 347) also provides some guidance on this issue. There a witness with a history of mental illness was subpoened to testify before the Grand Jury. The witness’s evasive answers prompted the District Attorney to bring the witness before the court for a direction that he answer the questions propounded to him in the proceeding. The witness’s attorney informed the court that his client had been under psychiatric treatment, did not understand the questions and should be sent to the court’s psychiatric clinic to determine whether he was mentally competent to understand the questions. This request was denied, and the defendant’s subsequent conviction for criminal contempt was reversed. The appellate court held that the witness’s pleas of mental illness were ignored by the District Attorney as well as the court and he should have been psychiatrically examined before he was compelled to testify. Again, this decision would seem to indicate that the court and the District Attorney have dual responsibility to rule on the competency of witnesses before the Grand Jury.
Accordingly, this court finds that it acted properly when it qualified the child witness to testify under oath before the Grand Jury which indicted the defendant.