OPINION OF THE COURT
James G. Starkey, J.
Each defendant is charged with two counts of criminal *536 possession of a controlled substance in the third degree and each has moved for dismissal of the indictment, pursuant to CPL 210.30, 210.35 (5); and 190.25 (6), on the ground that the District Attorney did not properly instruct the Grand Jury as to the applicable law. After due consideration, the motions must be granted.
BACKGROUND
On the night of March 5, 1988, Police Officer Bruce Reid observed an automobile being driven on the wrong side of the road and pursued. During the chase, he observed three males in the vehicle and also saw some packages thrown from a window. He stopped the car and arrested the occupants, Edward Gulston, Milton Williams and Calvin Bacote. The packages were recovered 15 to 20 feet from where the vehicle stopped. Each package contained cocaine and the total weight exceeded one ounce.
On March 11, 1988, the case was presented to a Grand Jury. Officer Reid testified about the events of March 5th and an Assistant District Attorney requested the jurors to consider the following charges against the defendants:
1. criminal possession of a controlled substance in the third degree (possession with intent to sell — Penal Law § 220.16 [1]), and
2. criminal possession of a controlled substance in the third degree (possession of over one-half ounce of a narcotic drug— Penal Law § 220.16 [12]).
In addition, he instructed the jurors that the applicable principles of law included (a) the "car presumption” set forth in Penal Law § 220.25 (l),[1] (b) "acting in concert” as set forth in section 20.00,[2] and (c) the concept of constructive possession —possession by the exercise of control and dominion over property, notwithstanding the absence of manual or "actual” *537 possession.[3] The Assistant District Attorney did not, however, advise the Grand Jury concerning those principles at length. Instead, he incorporated by reference instructions given on prior occasions. The Grand Jury voted a true bill.
THE GRAND JURY PROCEEDINGS
The Grand Jury that heard the evidence was impaneled on Monday, February 29, 1988. At that time, they were instructed by an Assistant District Attorney as to a wide variety of legal principles, including the definitions of 14 drug and weapon offenses,[4] the “car presumption”,[5] and the “room *538 presumption”.[6] No instruction was given that the "car presumption” and the "room presumption” were not conclusive, but merely inferences which the jurors were free to draw or reject. Further, since no case had been presented, the instructions were necessarily given abstractly, that is, in an evidentiary vacuum. Then, at the conclusion of the instructions, the following exchange occurred:
"juror: I want to make you aware of the situation, how do you expect the ordinary citizen to remember everything you have just said or even to understand?
"secretary: I was just about to ask the same thing.
"a.d.a. Joseph: I will re-instruct you once a week. You can be instructed on every single case, however, we felt — we agreed with the judge and jurors in the past that we only do it once a week. Would you rather be instructed on each and every one of these counts on every single case?
"juror: No.”
A week later, on Monday, March 7, 1988, the instructions set forth above were repeated to the Grand Jury — with the further instruction that the "car presumption” and "room presumption” were rebuttable. Four days later, as noted above, this case was presented with instructions which merely incorporated by reference those given on February 29th and March 7th.
conclusions of law
CPL 190.25 (6) requires the District Attorney, where necessary or appropriate, to "instruct the grand jury concerning the law with respect to its duties or any matter before it,” and *539 further requires that "such instructions * * * be recorded in the minutes.” Further, a Grand Jury proceeding is defective and subject to dismissal when it "fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” (CPL 210.35 [5].)
Relying on People v Calbud, Inc. (49 NY2d 389 [1980]), the prosecution urges that in the instant case there was no failure to conform to the requirements of CPL article 190. The prosecution further argues that, if a failure there was, the failure was not sufficient to impair the integrity of the proceeding or engender prejudice to the defendant.
In the Calbud case (supra), defendants were charged with obscenity in the second degree in violation of Penal Law former § 235.05 (1). In advising the Grand Jury as to the applicable law, the District Attorney recited — virtually verbatim — Penal Law § 235.00 (1) (a), which provides that any material or performance may be found to be obscene if "the average person, applying contemporary community standards, would find that considered as a whole, its predominant appeal is to the prurient interest in sex”. In so doing, he neglected to state that the material would have to be judged obscene from the viewpoint of the average person applying the State-wide "contemporary community standards.” (See, People v Heller, 33 NY2d 314, 322-323 [1973].) Because of the omission, the trial court dismissed the indictments as defective and the Appellate Division affirmed. The Court of Appeals reversed, however, noting that "[i]n the ordinary case, it may be said that the Grand Jury has properly carried out [its] function when it has issued an indictment upon evidence that is legally sufficient to establish that the accused committed a crime (CPL 190.65, subd 1).” (People v Calbud, Inc., 49 NY2d 389, 394 [1980], supra.) The court went on to hold that it is sufficient "if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements” of the crime. (Supra, at 394-395.) In the ordinary case, the court further observed, the standard "may be met by reading * * * from the appropriate sections of the Penal Law”. (Supra, at 395, n 1.)
But the Calbud case (supra) also makes it clear that inadequate or incorrect legal instructions can be so misleading as to make an indictment defective even when it is supported by *540 legally sufficient evidence. (People v Calbud, Inc., supra, at 395.) And, after consideration of all the facts and circumstances, the conclusion is mandated that that is what happened here.
The first problem occurred on February 29, 1988 when the instruction concerning the "car presumption” failed to note that the inference of knowing possession could be either drawn or rejected. (See, People v Leyva, 38 NY2d 160, 170-171 [1975].) It is true that the principle was correctly stated a week later, four days before this case was presented. It is also true that the omission on February 29, 1988 would seem analogous to that which occurred in the Calbud case (supra), and therefore not, by itself, fatal. But the flaws in the presentment did not end there. In addition, as noted above, the erroneous instruction was lumped with a multitude of other instructions on that occasion, all without reference to the evidence in any case. Then, two grand jurors who expressed concern on at the shotgun method of legal instruction were discouraged from requesting specific instructions in each case, with the implied representation that (1) the only alternative was repetition of each instruction after each case and (2) they were out of step with previous jurors and the court. (Cf., People v Calbud, Inc., 49 NY2d 389, 395, n 2 [1980], supra.) Finally, as further noted, when the correct instruction was given on March 7, 1988, it was not related to the evidence in this case, but lumped — once more in an evidentiary vacuum— with a multitude of other, frequently complicated legal concepts and simply incorporated by reference when the evidence in this case was presented four days later. (Cf., People v Kennedy, 127 Misc 2d 712 [Monroe County Ct 1985].)
The circumstances, then, present a picture significantly at variance with that presented in the Calbud case (supra), and one which requires dismissal of the indictment. All of which is not to say that the same conclusion would be appropriate in every case where an instruction previously given is incorporated by reference. If, for example, the time lapse from the recitation of an instruction, at length, to restatement by simple reference were a short one, or a less exotic legal concept were involved, or an omitted principle by its nature tended to favor the prosecution,[7] a different result might well *541 be required. On the facts presented here, however, the Calbud case is distinguishable and the motions to dismiss the indictment must be • and hereby are granted, with leave to the District Attorney to re-present.

. Penal Law § 220.25 (1) provides that "[t]he presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants.”

. Penal Law § 20.00 provides that "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for *537 such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.”

. See, Penal Law § 10.00 (8); see also, 1 CJI(NY) 9.70, at 543 (1983).

. The instructions related to the following offenses:
a) Criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
b) Criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]).
c) Criminal possession of a controlled substance in the third degree (Penal Law §220.16 [1], [12]).
d) Criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]).
e) Criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]).
f) Criminal sale on a controlled substance in the third degree (Penal Law § 220.39 [1]).
g) Criminal sale of controlled substance in the second degree (Penal Law §220.41 [1]).
h) Criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]).
i) Criminally possessing a hypodermic instrument (Penal Law § 220.45).
j) Criminally using drug paraphernalia in the second degree (Penal Law § 220.50).
k) Unlawful possession of marihuana (Penal Law § 221.05).
l) Criminal possession of marihuana in the fifth degree (Penal Law § 221.10).
m) Criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]).
n) Criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]).
The Grand Jury was also instructed concerning the definition of sale as found in Penal Law § 220.00 (1), the definition of "narcotic drug” as found in Penal Law § 220.00 (7), acting in concert as found in Penal Law § 20.00, as well as direct evidence, circumstantial evidence, constructive possession and "actual” possession.

. See, n 1, supra.

. Penal Law § 220.25 (2) provides that "[t]he presence of a narcotic drug, narcotic preparation, marihuana or phencyclidine in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found; except that such presumption does not apply to any such persons if (a) one of them, having obtained such controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (b) one of them has such controlled substance upon his person.”

. For example, the principle set forth in Penal Law § 10.00 (8) that legal possession can exist in the absence of manual or "actual” possession if one merely exercises control or dominion over property is one that — if omitted— *541 would presumedly injure the prosecution and aid the accused. The same is true of the definition of "sell” in Penal Law § 220.00 (1) (" 'Sell’ means to sell, exchange, give or dispose of to another, or to offer or agree to do the same.”) and the principle relating to criminal liability of one person for the conduct of another. (See, n 2, supra.)