OPINION OF THE COURT
Frederic Berman, J.
This case raises an issue of whether a prosecutor may impeach a defendant appearing before the Grand Jury by questioning him about prior bad acts.
On June 21, 1989 the New York County Grand Jury handed *424 up an indictment charging defendant with two counts of the crimes of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). Thereafter, the defendant filed a motion for, inter alla, inspection and dismissal based primarily upon a violation of CPL 210.35 (5), which provides in pertinent part:
"A grand jury proceeding is defective * * * when:
"5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
In presenting evidence before a Grand Jury, the prosecution serves a dual role as advocate and public officer, and in doing so is charged to see that justice is done (People v Pelchat, 62 NY2d 97 [1984]). Moreover, "a Grand Jury proceeding is properly an investigation rather than a prosecution directed against a witness”. (People v Ianniello, 21 NY2d 418, 424 [1968].) CPL article 190 outlines specific duties and responsibilities of a prosecutor before the Grand Jury.
In conjunction with the defendant’s execution of a waiver of immunity, CPL 190.50 (5) (b), in pertinent part, provides that a person against whom a crime is charged "must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people” (emphasis added).
Defendant contends that the prosecutor’s questioning of the defendant before the Grand Jury regarding three prior bad acts of violence against his school classmates (sticking pins inside the jacket arm of a student’s coat, sticking a student with a pin and hitting a student on the head) was conducted for the sole purpose of establishing that defendant had a propensity for violence and thus would be more likely to commit the violent crime of robbery. Hence, he contends that these improper, irrelevant, and misleading questions impaired the integrity of the Grand Jury proceeding and caused prejudice to the defendant.
The language of CPL 190.50 (5) (b) permits a defendant testifying before the Grand Jury to "give any relevant and competent evidence”. This passage contemplates a defendant having the opportunity to present such evidence without undue interruption by the People. (See, People v Green, 80 AD2d 650 [3d Dept 1981]; People v Dunbar, 100 Misc 2d 389 [Sup Ct, Suffolk County 1979].)
*425 A review of the minutes of the instant Grand Jury proceeding reveals that the defendant’s right to testify was unimpeded by the prosecution. Defendant appeared with counsel, and testified without interruption to the events underlying the criminal charges. Furthermore, at one point the prosecution inquired whether the defendant had completed his statement which inquiry seems to have elicited some additional testimony from the defendant.
A defendant’s appearance before the Grand Jury is not without risk. As the last sentence of CPL 190.50 (5) (b) makes clear: after giving evidence, the defendant is subject to examination by the People. This reciprocal obligation on the part of the defendant to submit to examination does not bestow upon the prosecution an unfettered opportunity to prejudice the defendant. CPL 190.30 (1) charges the prosecution with a duty to generally apply the rules of evidence to a Grand Jury proceeding, including the admissibility of evidence (CPL 190.30 [6]). Indeed, it is of paramount importance that this provision be scrupulously honored. Unlike a trial, where defense counsel can raise objections, the defendant before the Grand Jury is not in a position to object, and, under these circumstances, nor is his attorney. (See, CPL 190.52 [2].) Attorney for witness who has executed waiver of immunity "may be present with the witness in the grand jury room. The attorney may advise the witness, but may not otherwise take part in the proceeding”. (CPL 190.52 [2]; People v Davis, 119 Misc 2d 1013 [Sup Ct, Queens County 1983].) Thus, it is the prosecutor who must initially determine the propriety of a particular line of questioning aimed at impeaching the credibility of the defendant.
Nonetheless, a defendant may be impeached within the limits of proper cross-examination. Generally, a witness may be "impeached by inquiry into prior acts of misconduct which tend to discredit the witness’ character and show him or her to be unworthy of belief’ (People v Hunter, 88 AD2d 321, 322 [2d Dept 1982]). Misconduct of this nature includes immoral, vicious, criminal or wrongful acts involving moral turpitude (see, Richardson, Evidence § 498 [Prince 10th ed]; Fisch, NY Evidence § 455 [2d ed]).
In People v Adams (81 Misc 2d 528 [Sup Ct, NY County 1975]), the prosecution’s duty to rule on evidentiary matters before the Grand Jury (CPL 190.30 [6]) has been interpreted as including the issue of admissibility of prior convictions to *426 impeach a testifying defendant. However, application of this authority may not result in prejudice to the defendant (supra, at 530). In People v Loizides (125 Misc 2d 537, 542 [Suffolk County Ct 1984]), the court adopted the holding in Adams (supra) as "no less applicable to instances of impeachment of a defendant by inquiry into prior acts of misconduct”.
The issue of whether a defendant is prejudiced by this type of impeachment is determined by inquiry into the nature of the misconduct used for impeachment. (See, People v Davis, 119 Misc 2d 1013, 1014 [Sup Ct, Queens County 1983] ["remarks and asking questions aimed at discrediting the defendant’s testimony based upon his race and place of birth” was held to be prejudicial]; People v Hargrove, 80 Misc 2d 317, 324, [Sup Ct, Westchester County 1975] ["inquiry elicited detailed information regarding defendant’s ten-year-old drug crime convictions in this State as well as even more remote, although potentially less prejudicial, convictions for other offenses in other jurisdictions” was similarly held to be prejudicial].) Whether an instruction was given directing the grand jurors to weigh proper impeachment testimony solely to assess witness credibility, and not witness’ propensities to commit crimes is essential. (See, People v Patti, NYLJ, Nov. 3, 1986, at 15, col 3 [Sup Ct, NY County] [failure to give curative instruction regarding defendant’s prior convictions is prejudicial to defendant resulting in the dismissal of the indictment]; but see, People v Thompson, 116 AD2d 377 [2d Dept 1986] [prosecution failure to charge Grand Jury on limited use of evidence of defendant’s prior convictions was not fatal to indictment in light of overwhelming evidence of guilt established during Grand Jury proceeding].)
In the instant matter, defendant argues that questions concerning three prior acts of misconduct were unduly prejudicial. It should be noted that defendant admitted to only two such acts, and the third (sticking pins inside the jacket arm of student’s coat) was in substance denied, ending further inquiry on the subject. Furthermore, the minutes of the Grand Jury contained an unequivocal instruction by the prosecution to consider these acts "only as it might bear upon his credibility as a prior bad act might bear upon an individual’s credibility. You are not to consider that [as] * * * any inference towards propensity to commit bad acts”.
The questions regarding defendant’s prior bad acts were properly within the bounds of accepted impeachment practice. Moreover, the particular, and limited, use of this testimony *427 was clearly conveyed to the Grand Jury in the prosecutor’s instructions on the law.
Accordingly, no showing of prejudice to defendant, or substantial likelihood thereof, has been demonstrated and, therefore, the motion to dismiss is denied.