THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DiFABIO, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not exceed its power in passing upon the competency of the infant victim to testify before the Grand Jury. The Grand Jury constitutes part of a superior court (CPL 190.05) and the superior court, as well as the District Attorney, is its legal advisor (CPL 190.25 [6]). The court is empowered by CPL 60.20 (1) to determine the testimonial capacity of a witness in a "criminal proceeding". Since a Grand Jury proceeding is part of a criminal proceeding (see, CPL 1.20 [18]), the court is empowered to determine the testimonial capacity of a witness before a Grand Jury. CPL 190.30 (6) does not deprive the court of that power but merely confers upon the District Attorney, in the case of witnesses testifying before the Grand Jury, the same power possessed by the court.

We conclude that the court properly determined that the victim was competent to testify at trial.

We reject defendant's contention that the admission of testimony of the victim's mother about statements made by the victim during a nightmare requires reversal. The statement was not hearsay because it was not admitted for the truth of any fact but solely to show the mental state of the victim. The statement did not contain any facts accusing defendant of the commission of a crime. Moreover, there is no indication in this bench trial that that testimony was relied upon by the court in reaching its verdict (see, McCormick, Evidence § 60 [3d ed]). The statement made by the victim referred to an incident charged in a count of the indictment of which the court found defendant not guilty.

Defendant failed to object to the mother's testimony that the victim told her that defendant touched her vagina. The record reveals that, although defendant's counsel objected to a subsequent question, he did not object to the previous question nor did he move to strike the testimony he now complains of. Moreover, it is apparent that the court, in reaching its verdict, did not rely upon that testimony because it did not convict defendant of the count of the indictment to which the testimony referred.

Defendant did not preserve for review his contention that the mother impermissibly coached the victim in the presence of the District Attorney. Were we to review that contention, we would find that it lacks support in the record.

Finally, we determine that the verdict accords with the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Sexual Abuse, 1st Degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.