OPINION OF THE COURT
Melvin S. Barasch, J.
As part of his motion for omnibus relief, defendant has moved, pursuant to CPL 210.20 (1) (b) and 210.30 (2) and (3), for court inspection of the Grand Jury minutes and for dismissal of the indictment or reduction of the charges. The court grants the motion for inspection, and upon so doing, makes the following findings:
On August 29, 1991, an Assistant District Attorney commenced presentation of the instant matter to the Grand Jury *957 by examining the complaining witness, one Gary Burgess, who testified, in substance, that while making a bread delivery at 349 Pulaski Street, in Brooklyn, he was robbed by the defendant and two others, and that during the incident the defendant, armed with a handgun, fired the gun in his direction. At the conclusion of Burgess’ testimony, the Assistant District Attorney concluded by stating, "unfortunately you will be hearing additional evidence and/or a charge on the law at a later time.”
On September 9, 1991, a different Assistant District Attorney continued the presentation. The only witness called to testify was the defendant, accompanied by his attorney. After waiving immunity and being sworn, the defendant, in substance, testified that he was shot in the stomach on Pulaski Street, went to Woodhull Hospital, and approximately four days later was arrested for involvement in an incident of which he knew nothing.
After cross-examining the defendant concerning his testimony, the Assistant District Attorney then inquired of the defendant whether it was not true that, he had been convicted of a felony in 1986. The defendant asked for an opportunity to speak with his lawyer outside. The Assistant District Attorney stated that he could, and then suspended the proceeding, advising the Grand Jury that it would hear additional evidence and a charge on the law.
At some point later that same day, the Assistant District Attorney, without recalling the defendant to the stand to answer the last question put to him, and without presenting any other testimony, charged the Grand Jury on the law. Included in these instructions was one charging that as a matter of law, the defendant was an interested witness, a factor for the Grand Jury to keep in mind when determining the credibility and weight to be given his testimony. A further instruction charged the Grand Jury that there was evidence showing that the defendant had previously been convicted of a crime, a fact to be considered in evaluating the defendant’s credibility, but that they were not to consider "that the defendant stood up and the proceedings were suspended after I asked him whether he had previously been convicted of a crime.” A true bill was ultimately found.
CPL 210.35 (5) provides that on a motion to dismiss an indictment under CPL 210.20 (1) (c), a Grand Jury proceeding is defective when it "fails to conform to the requirements of *958 article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” Thus, notwithstanding the fact that evidence may be legally sufficient to support the finding of an indictment, CPL 210.35 (5) requires only the possibility of prejudice to warrant dismissal. (People v Di Falco, 44 NY2d 482.) Inadequate or incorrect legal instructions can be so misleading as to make an indictment defective even when it is supported by legally sufficient evidence. (People v Calbud, Inc., 49 NY2d 389, 395.) There is a judicial responsibility to prevent unfairness in Grand Jury proceedings, since the Grand Jury is " 'an arm of the court’ ”. (People v Ianniello, 21 NY2d 418, 424.)
Inasmuch as CPL 210.35 (5) is an "all embracive cowcatcher” subdivision (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.35, at 139), each case relying on its provisions must be analyzed on an individual basis to determine whether the integrity of the Grand Jury was impaired and whether the possibility of prejudice existed. (See, People v Sanchez, 125 Misc 2d 394, 398.) Although the facts in the case at bar appear to make it one of first impression, decisions of other courts dealing with issues concerning potential prejudice arising from allegedly impaired presentations to Grand Juries offer guidelines applicable to the situation herein.
Thus, for example, in People v Miller (144 AD2d 94), the Appellate Division, Third Department, following the Second Department’s holding in People v Lerman (116 AD2d 665), concluded that frequent interruptions and persistent questioning by the prosecutor during the defendant’s narrative explanation of the events deprived him of a meaningful opportunity to continue his narrative testimony, thus rendering the Grand Jury proceedings defective. (See also, People v Green, 80 AD2d 650.) In People v Bacote (143 Misc 2d 535), the court granted defense motions to dismiss under this subdivision where the People’s initial instruction to the newly impaneled Grand Jury containing an erroneous instruction regarding the "car presumption” was lumped with a multitude of other instructions, all without reference to the evidence in any case; that although the instruction was correctly given several days later, the court found that the integrity of the Grand Jury proceeding was impaired since it was once again charged in an evidentiary vacuum with a multitude of other, frequently complicated legal concepts, and simply incorporated by refer *959 ence when the evidence in the case was presented four days later.
In People v Patti (NYLJ, Nov. 3, 1986, at 15, col 3 [Sup Ct, NY County, Arber, J.]), the court held that lengthy questioning of the defendant on matters unrelated to the facts of the case, including his prior convictions, his use of his brother’s I.D. for the purpose of entering a methadone program, and whether he was trying to manipulate the jury into charging him with something less than larceny, cumulatively impaired the functioning of the Grand Jury by predisposing the minds of the grand jurors against the defendant in such a way as to prejudice a fair determination of the factual issues. Similarly, the court in People v Farrell (NYLJ, July 29, 1991, at 29, col 2 [Sup Ct, Kings County, Gorges, J.]), citing, inter alia, the prosecutor’s questioning of the defendant concerning uncharged crimes and inconsistent statements without giving prompt limiting instructions regarding the manner in which such testimony should be considered, found prejudice to the defendant.
In the instant case, the prosecutrix clearly, and improperly, denied the defendant the opportunity to answer either in the affirmative or the negative, the question concerning a prior conviction. She compounded this error by instructing the Grand Jury to consider this "evidence” in evaluating the defendant’s credibility, notwithstanding that since the question was never coupled with an answer, there was never any evidence regarding a prior conviction for them to consider, whether as to the case-in-chief or as to the defendant’s credibility. Moreover, since the only witness to testify following the close of the first segment of the presentation on August 29th was the defendant, the words chosen by the Assistant District Attorney on that occasion assumed more than tangential significance. Since the defendant’s credibility was a critical issue for the Grand Jury to consider, particularly in view of the "interested witness” charge, the People failed in their duty to assure the fairness and justice of the proceedings (People v Ianniello, supra; People v Monroe, 125 Misc 2d 550), and the cumulative effect of these errors was to impair the integrity of the Grand Jury proceeding to the extent that prejudice to the defendant may have resulted. Accordingly, the motion to dismiss the indictment is granted. The People are granted leave to re-present if they so choose.