OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *838
 
 The trial court’s child witness competency determination during the Grand Jury proceedings was proper, inasmuch as that participation was not precluded by the Criminal Procedure Law
 
 (see,
 
 CPL 190.30 [6]; 190.25 [6]). Moreover, our interpretation of CPL 190.30 (6) in
 
 People v Groff
 
 (71 NY2d 101, 104 [”(a)t the Grand Jury stage of a criminal proceeding, determinations of witness competency must be made by the District Attorney”]) does not require a different result, because that interpretation defined the scope of the prosecutor’s responsibilities. It did not curtail the trial court’s power to participate in Grand Jury proceedings.
 

 Finally, any error that may have resulted when the courts below permitted the victim’s mother to recount statements made by the victim while asleep was clearly harmless, given the other overwhelming evidence of defendant’s guilt.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.