■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEASAR BURTON, Appellant. [594 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered September 24, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In his testimony before the Grand Jury, the defendant claimed that at the time of the sale of narcotics in connection with which he was later to be indicted, he was in fact under arrest on an unrelated charge, and was being detained several blocks away from the site of this alleged narcotics transaction. On appeal, the defendant contends that the prosecutor's cross-examination of him during the Grand Jury proceedings was "needlessly argumentative" and "not confined to proper impeachment". We agree with the People that this argument is without merit.

The prosecutor had the right to cross-examine the defendant after the completion of his Grand Jury testimony, and that cross-examination properly included the asking of questions which bore on the defendant's credibility (see, CPL 190.50 [5] [b]; *People v Thompson,* 116 AD2d 377, 381-382). The defendant's criminal record, which clearly demonstrated his willingness to place his own interests above those of society, was thus a proper subject for cross-examination. We reject the defendant's argument that this cross-examination was "needlessly argumentative" (see, *People v Karp,* 76 NY2d 1006, *revg* 158 AD2d 378, *on dissent of Sullivan, J.).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.