■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. COIT, Appellant. [621 NYS2d 1023] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in denying defendant's request for an adjournment *(see, Matter of Anthony M.,* 63 NY2d 270).

The court properly admitted DNA identification evidence. The reliability of the DNA test results was established at the pretrial *Frye* hearing *(see, Frye v United States,* 293 F 1013), and the People laid a proper foundation for their admission at trial *(see, People v Wesley,* 83 NY2d 417).

The 911 tape was properly admitted into evidence as rebuttal by the prosecution under the present sense impression exception to the hearsay rule *(see, People v Brown,* 80 NY2d 729).

Defendant failed to preserve for review his contention that the in-court identification by the victim should have been suppressed *(see,* CPL 470.05 [2]), and we decline to review it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant's motion to dismiss the indictment on the ground that the prosecutor engaged in misconduct during the Grand Jury presentment was properly denied. The prosecutor's cross-examination of defendant before the Grand Jury did not constitute egregious misconduct warranting reversal (cf., People v Green, 80 AD2d 650).

Defendant's sentence is neither harsh nor excessive.

Finally, the record establishes that defendant was present during the Sandoval conference. There is no indication that an unrecorded Sandoval conference was held, and we conclude that a reconstruction hearing is not necessary (cf., People v Mitchell, 189 AD2d 337). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present —Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.