[628 NYS2d 707]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFF THOMAS, Respondent.

Second Department, May 22, 1995

APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens *(Steven J. Chananie* and *Cheryl Hone* of counsel), for appellant.

*Ronna Gordon-Galchus,* Kew Gardens, for respondent.

### OPINION OF THE COURT

MANGANO, P. J.

The two questions to be resolved on this appeal are (1) whether the People's cross-examination of the defendant concerning his prior criminal record impaired the integrity of the Grand Jury, and (2) whether the holding in *People v Sandoval* (34 NY2d 371) is applicable to Grand Jury proceedings.

■ ■ In our view, both of these questions must be answered in the negative.

I

The defendant was arrested for selling cocaine to an undercover police officer on July 13, 1993.

Following the defendant's arrest, he was charged in a felony complaint with criminal sale of a controlled substance in the third degree, assault in the second degree, and resisting arrest. Despite the fact that he had nine prior convictions, the

defendant chose to testify on his own behalf before the Grand Jury. Prior to his appearance before the Grand Jury, the defendant's attorney requested that the prosecutor inform her as to which of the defendant's prior convictions he intended to utilize in his cross-examination of the defendant. The prosecutor refused to divulge this information.

On cross-examination at the Grand Jury, the prosecutor questioned the defendant about a conviction in 1992, i.e., for reckless endangerment, a misdemeanor, and two convictions in 1989, i.e., for attempted unauthorized use of a motor vehicle, a misdemeanor, and for attempted criminal sale of a controlled substance in the fifth degree, a felony (the prosecutor, in his cross-examination of the defendant, erroneously referred to this prior 1989 conviction as one for drug possession).

The prosecutor avoided any reference to the defendant's six earlier criminal convictions, which included three attempted burglary convictions and an attempted robbery conviction. Other than asking the defendant whether he pleaded guilty to the admitted crimes because he was, in fact, guilty of those crimes, the prosecutor elicited few details of the underlying facts of those convictions. With respect to the 1989 drug conviction, the prosecutor asked the defendant whether he was guilty of that charge because he had possessed drugs and what kind of drugs he had possessed. In addition, one of the grand jurors asked the defendant, through the prosecutor, whether, when he was "arrested for criminal sale of a controlled substance" (an apparent reference to the defendant's 1989 conviction), he possessed drugs. The defendant responded, "Yes, I was in possession when I got arrested for that and plus I was on drugs too".

The prosecutor then gave proper instructions to the grand jurors. Thereafter, the defendant was indicted for criminal sale of a controlled substance in the third degree and assault in the second degree.

The defendant then moved to dismiss the indictment, pursuant to CPL 210.20 (1) (c) and 210.35 (5), based on the "prosecutor's inappropriate cross-examination". Specifically, the defendant argued in his motion papers that: "[T]he prosecutor's inappropriate cross-examination on the defendant's prior drug felony conviction tainted the proceedings and thereby abrogated his right to appear and testify within the guidelines of fairness and due process of CPL 190.50".

The Supreme Court granted that branch of the defendant's omnibus motion which was to dismiss the indictment, on the ground that the prosecutor's cross-examination of the defendant had impaired the integrity of the Grand Jury proceeding *(People v Thomas,* 160 Misc 2d 39). Specifically, the Supreme Court held *(People v Thomas, supra,* at 47-48): "In the case at bar, this court finds that the emphasis on defendant's drug past and the erroneous reference to a sale conviction,[1] clearly resulted in prejudice to his credibility and deprived him of a meaningful opportunity to tell his story in an impartial fashion *(see, People v Howard,* 152 Misc 2d 956). This prejudice, in turn, nullified his rights pursuant to CPL 190.50 (5) and shifted the Grand Jury's attention away from the facts of the case as they existed on July 13, 1993".

The Supreme Court went on to rule that the holding of the Court of Appeals in *People v Sandoval* (34 NY2d 371, *supra),* i.e., that a defendant is entitled to a pretrial ruling as to the permissible scope of cross-examination concerning his prior criminal history, should also be applicable to Grand Jury proceedings. Accordingly, the Supreme Court, in dismissing the indictment, granted the People leave to re-present the matter to another Grand Jury, with the caveat that "Should the District Attorney and defense counsel fail to reach a *Sandoval* compromise, the application shall then be made before a Justice of the Supreme Court" *(People v Thomas, supra,* at 49).

The People now appeal.

## II

■ Initially, we hold that the prosecutor's cross-examination of the defendant before the Grand Jury was proper and did not impair the integrity of the Grand Jury. As this Court stated in *People v Burton* (191 AD2d 451): "The prosecutor had the right to cross-examine the defendant after the completion of his Grand Jury testimony, and that cross-examination properly included the asking of questions which bore on the defendant's credibility *(see,* CPL 190.50 [5] [b]; *People v Thompson,* 116 AD2d 377, 381-382). The defendant's criminal record, which clearly demonstrated his willingness to place his own interests above those of society, was thus a proper subject for cross-examination. We reject the defendant's argument that

---

1. As heretofore noted, the prosecutor's erroneous reference was to a drug possession conviction.

this cross-examination was 'needlessly argumentative' *(see, People v Karp,* 76 NY2d 1006, *revg* 158 AD2d 378, *on dissent of Sullivan, J.)".*

## III

■ We now turn to the Supreme Court's second holding, viz., that the defendant, and defendants generally, are entitled to a *Sandoval* ruling prior to their testifying before the Grand Jury.

Defendants who take the stand at a trial place their credibility in issue, and thus may be cross-examined at trial on past criminal or immoral acts affecting credibility *(People v Sorge,* 301 NY 198, 200; *People v Bennett,* 79 NY2d 464, 468). In *People v Sandoval* (34 NY2d 371, *supra),* the Court of Appeals held that a defendant is entitled to a pretrial ruling on the scope of permissible cross-examination as to such prior misconduct *(see also,* CPL 240.43). In so holding, the Court of Appeals stated *(People v Sandoval, supra,* at 376):

"In the fact-finding process, the function, in cross-examination, of evidence of a defendant's prior criminal, vicious or immoral acts (unless such evidence would be independently admissible to prove an element of the crime charged) is solely to impeach his credibility as a witness *(People* v. *Webster,* 139 N. Y. 73; Richardson, Evidence [10th ed.], § 498). From the standpoint of the prosecution, then, the evidence should be admitted if it will have material probative value on the issue of defendant's credibility, veracity or honesty on the witness stand. From the standpoint of the defendant it should not be admitted unless it will have such probative worth, or, even though it has such worth, if to lay it before the jury or court would otherwise be so highly prejudicial as to call for its exclusion. The standard—whether the prejudicial effect of impeachment testimony far outweighs the probative worth of the evidence on the issue of credibility—is easy of articulation but troublesome in many cases of application.

"At the threshold it must be recognized as inevitable, and thus not determinative, that evidence of prior criminal, vicious or immoral conduct will always be detrimental to the defendant. Similarly, it does not advance analysis to note that such evidence will have a propensity to influence the jury or the court; that objective and purpose attend the introduction of all evidence. The issue to be resolved has a double aspect in determining whether the defendant will be deprived of a fair

trial. Will the testimony to be elicited in cross-examination have a disproportionate and improper impact on the triers of fact? Will the apprehension of its introduction undesirably deter the defendant from taking the stand and thereby deny the jury or court significant material evidence?"

Contrary to the Supreme Court's reasoning, we are of the view that the concerns expressed by the Court of Appeals in *People v Sandoval (supra)* do not compel the extension of that holding to Grand Jury proceedings.

The purpose of a trial is to determine, in a full adversarial setting, whether the guilt of the defendant has been proven beyond a reasonable doubt *(see, People v Goetz,* 68 NY2d 96, 115). In contrast, the purpose of a Grand Jury proceeding is solely to determine whether there is sufficient evidence to justify further criminal proceedings against the defendant *(People v Calbud, Inc.,* 49 NY2d 389, 394). As the Court of Appeals has stated *(People v Brewster,* 63 NY2d 419, 422): "A Grand Jury proceeding is not * * * an adversary proceeding * * * The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction".

In view of this crucial distinction between a trial and a Grand Jury proceeding, it follows that the defendant's testimony at a Grand Jury is of lesser importance than it would be at trial.[2] Moreover, "[m]atters of credibility are collateral to the basic issue the Grand Jury must decide" and rarely have a "material * * * influence" on the outcome of a Grand Jury proceeding *(People v Perry,* 187 AD2d 678; *People v Martucci,* 153 AD2d 866, 867). However, a defendant's testimony at trial is considered *"significant material evidence" (People v Sandoval, supra,* at 376 [emphasis added]), which warrants the protection afforded by the holding in *People v Sandoval (supra).* Further, the relevant statutory language supports the view that the holding in *People v Sandoval (supra)* is not applicable to Grand Jury proceedings. CPL 190.30 (6) provides that a prosecutor may rule upon the admissibility of evidence before the Grand Jury whenever, in an equivalent situation at trial, a court would make such a ruling. Based on CPL 190.30 (6), "it is clear, therefore, that the statute envisions the District Attorney's making the ruling on the admissibility of

2. The right of a defendant to testify before the Grand Jury did not exist at common law and is merely statutory *(see, People v Feliciano,* 207 AD2d 803).

prior convictions to impeach" *(People v Adams,* 81 Misc 2d 528, 530), and that the defendant's sole remedy for any prejudicial cross-examination is a motion to dismiss the indictment pursuant to CPL 210.20 (1) (c), on the ground that the integrity of the Grand Jury proceeding was impaired (CPL 210.35 [5]; *see, People v Adams, supra).* In the absence of a compelling reason to extend the holding in *People v Sandoval (supra)* to Grand Jury proceedings, it would be inappropriate to "saddle a grand jury with minitrials and preliminary showings [which] would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws" *(United States v Dionisio,* 410 US 1, 17).

## IV

The case of *People v DiFabio* (131 Misc 2d 1072, *affd* 170 AD2d 1028, *affd* 79 NY2d 836), relied on by the Supreme Court and the defendant, is, in our view, inapposite. In *People v DiFabio* (79 NY2d 836, *supra),* the Court of Appeals held that it was not reversible error for the trial court to participate in the competency hearing of a child witness and rule on that issue, prior to the Grand Jury presentation. However, in that case, the prosecutor agreed to the trial court's prior intervention. In the case at bar, there was no such agreement by the prosecutor concerning the trial court's prior intervention with respect to an evidentiary matter to be submitted to the Grand Jury.

Accordingly, the order appealed from must be reversed, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

SULLIVAN, THOMPSON and HART, JJ., concur.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.