# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**281**

**KA 10-01367**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSEPH HOLT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, MITCHELL GORIS STOKES & SULLIVAN, LLC, CAZENOVIA (STEWART F. HANCOCK, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 7, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (§ 120.00 [1]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence supporting the conviction of assault in the second degree inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we reject defendant's contention that the evidence is legally insufficient to establish the element of intent with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682; *see People v Smith*, 79 NY2d 309, 315). Viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that he was denied effective assistance of counsel based solely on defense counsel's failure to renew the motion for a trial order of dismissal with respect to the count of assault in the second degree. We reject that contention.

Here, inasmuch as we have concluded that the evidence is legally sufficient to support the conviction of that count, it cannot be said that defense counsel's failure to renew the motion with respect thereto constitutes ineffective assistance of counsel (*see People v Washington*, 60 AD3d 1454, *lv denied* 12 NY3d 922; *see generally People v Baldi*, 54 NY2d 137, 147).  Defendant's challenge to the legal sufficiency of the evidence before the grand jury is not properly before us.  "It is well settled that, 'when a judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of a claim alleging insufficiency of [g]rand [j]ury evidence is barred' " (*People v Bastian*, 294 AD2d 882, 883, *lv denied* 98 NY2d 694, quoting *People v Wiggins*, 89 NY2d 872, 874; *see* CPL 210.30 [6]).  We have reviewed defendant's remaining contention and conclude that it is without merit.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court