# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1097

KA 11-00015

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

CYNTHIA S. GALENS, DEFENDANT-APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

----------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 10, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that she was denied effective assistance of counsel based upon her attorney's allegedly ineffectual and irrelevant arguments during summation. "Counsel presented a plausible defense of lack of intent to cause serious physical injury" (*People v Russo*, 4 AD3d 133, 133, *lv denied* 2 NY3d 806), and he effectively asserted that theory to the jury in his summation (*see People v Barrera*, 69 AD3d 951, 952). The fact that defense counsel also argued that defendant lacked intent to kill, which is not an element of manslaughter in the first degree, did not prejudice defendant and did not alone render the summation ineffective.

Nor was defense counsel ineffective in failing to object to alleged hearsay testimony concerning out-of-court statements made by the victim. The testimony at issue was admissible for the nonhearsay purpose of establishing the victim's deteriorated physical condition at the time his statements were made (*see generally People v DiFabio*, 170 AD2d 1028, 1029, *affd* 79 NY2d 836). In any event, even assuming, arguendo, that the testimony at issue constituted inadmissible hearsay, the single error by defense counsel in failing to object to its admission was not so egregious as to deprive defendant of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1022; *People v Cosby*, 82 AD3d 63, 67, *lv denied* 16 NY3d 857). Defense counsel's failure to renew the motion for a trial order of dismissal does not constitute

ineffective assistance inasmuch as the evidence is legally sufficient to support the conviction and renewal of the motion had " 'little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152; *see People v Holt*, 93 AD3d 1304, 1305, *lv denied* 20 NY3d 933).

Defendant failed to preserve for our review her further contention that she was denied a fair trial by the prosecutor's improper questions on cross-examination concerning the veracity of prosecution witnesses (*see* CPL 470.05 [2]; *People v Washington*, 89 AD3d 1516, 1516-1517, *lv denied* 18 NY3d 963), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that she was penalized for exercising her right to trial and that the sentence is otherwise unduly harsh and severe.  "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [her] right to trial" (*People v Dorn*, 71 AD3d 1523, 1524 [internal quotation marks omitted]), nor does that fact render the sentence unduly harsh or severe (*see People v Rawleigh*, 89 AD3d 1483, 1485, *lv denied* 18 NY3d 961).  We note that defendant intentionally poured a large quantity of antifreeze into the victim's margarita mix and then, after knowing that the victim consumed the antifreeze, defendant failed to seek medical assistance for him despite seeing him foaming at the mouth and struggling to breathe.  Under the circumstances, the sentence imposed by County Court, which is slightly less than the maximum sentence permitted by law, is appropriate.

Entered:  November 8, 2013                    Frances E. Cafarell
                                               Clerk of the Court