The People of the State of New York, Appellant, *v.* George W. Percy, John G. Strong, R. Thomas Strong and Robert Cameron, Respondents.

Second Department, July 1, 1974.

Henry G. Wenzel, Jr., District Attorney (Francis W. Rhinow and George E. Hughes of counsel), for appellant.

Catterson & Nolan (James M. Catterson, Jr., and Richard T. Nolan of counsel), for George W. Percy, respondent.

Bracken & Sutter (John Joseph Sutter and Gino Papa of counsel), for John G. Strong and another, respondents.

Robert C. Alexander for Robert Cameron, respondent.

Per Curiam. The People appeal from (1) seven orders of the County Court, Suffolk County, each of which dismissed all or portions of seven indictments on the ground of insufficient evidence, and (2) eight additional orders of the same court each of which dismissed a separate indictment on the ground of defective proceedings before the Grand Jury (CPL 210.20, subd. 1, par. [c]; 210.35, subd. 5) and granted leave to the People, subject to "Appellate Court approval", to resubmit to another Grand Jury all the charges not dismissed by the seven above-mentioned orders on the ground of insufficiency of evidence.

We affirm the latter eight orders and approve the resubmission to another Grand Jury the matters involved in the indictments which were dismissed by those orders as indicated in those orders; and we dismiss the appeals from the other seven orders as academic.

Despite the fact that the Grand Jury had been instructed that any legal instructions or advice from the court or prosecution must be recorded in their minutes as required by subdivision 6 of CPL 190.25, the Grand Jury was given legal instructions by the prosecutor at various times which were not so recorded. However, standing alone, the violation of this statute did not afford a basis for the motions to dismiss the indictments.

The authority for motions to dismiss indictments is found in CPL 210.20. Paragraph (c) of subdivision 1 of that section

authorizes dismissal when the Grand Jury proceeding is defective within the meaning of CPL 210.35. The latter section, insofar as is here applicable, states in subdivision 5 that a Grand Jury proceeding is defective when " the proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that *the integrity thereof is impaired and prejudice to the defendant may result* " (emphasis supplied). Clearly, the failure to record violated article 190 of the CPL. The question is whether that violation was of such degree that the Grand Jury's integrity was impaired and prejudice to the defendants may have resulted.

Incidentally, it should be noted that the revisors originally recommended that, in order for a violation of article 190 to warrant dismissal, actual prejudice to the defendant must have resulted (see 1967 N. Y. State Temporary Comm. on Revision of the Penal Law and Criminal Code for Proposed Criminal Procedure Law, § 110.40, subd. 2, par. [e], which is now CPL 210.35, subd. 5). It is therefore clear that what must be shown is a possibility of prejudice rather than actual prejudice.

Failure to record instructions does not automatically mandate dismissal of an indictment. CPL 210.35 lists four grounds upon which a Grand Jury proceeding must be held defective. These are: where it is illegally constituted (subd. 1); where the proceeding is conducted before fewer than 16 grand jurors (subd. 2); where fewer than 12 grand jurors concur in finding the indictment (subd. 3); and where the defendant was not accorded the opportunity to appear and testify (subd. 4). The fifth subdivision is the " catch-all " one in question. The Legislature could have listed failure to record as a per se defect in the proceedings so as to justify automatic dismissal. This it did not do. Since we are concerned with the fifth subdivision, we must, as a predicate, find an impairment of the Grand Jury's integrity and a possibility of prejudice to the defendants.

Many presentations to grand juries in uncomplicated cases amount to but a relatively few pages. In such cases, if the proof is clear and the charge established, there is virtually no likelihood of prejudice if the prosecutor's instructions are not recorded. No good purpose would be served in those cases in dismissing the indictment and resubmitting the matter to another grand jury.

However, in this highly complex case the potential of prejudice was great (see *People* v. *Benin,* 186 Misc. 548). The grand jurors had heard lengthy testimony about complex matters, but a review of the minutes left the court below unable to fix with

precision the theory of various counts. The indictments themselves are too interrelated to even begin to speculate whether individual counts or indictments may have been potentially less prejudicial in the failure to record instructions than were other counts or indictments.

Accordingly, these indictments were properly dismissed upon the ground that the Grand Jury proceeding was defective; the eight orders based on that ground should be affirmed; and the appeals from the other seven orders should be dismissed as academic.

HOPKINS, Acting P. J., MARTUSCELLO, LATHAM, SHAPIRO and BRENNAN, JJ., concur.

Eight orders of the County Court, Suffolk County, all entered August 2, 1973, which dismissed indictments on the ground of defective Grand Jury proceedings, affirmed and appeals from seven additional orders of the same court, entered the same day, which dismissed all or portions of seven indictments on the ground of insufficiency of evidence, dismissed as academic.