■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRIET BOOTS et al., Respondents. — Appeal from orders of the County Court of Franklin County (Plumadore, J.), entered December 19, 1980 and December 23, 1980, which granted defendants' motions to dismiss the indictments. The trial court dismissed indictments against these defendants because of defective Grand Jury proceedings (CPL 210.20, subd 1, par [c]; 210.35, subd 5). At issue were the qualifications and conduct of the Grand Jury stenographer, admittedly a well-qualified and experienced legal secretary, who performed her official duties on a part-time basis under the direction of the District Attorney. Her experience in taking witnesses' testimony, however, was somewhat limited and, at a hearing conducted on the motion, she was unable to reconstruct an accurate transcript of the Grand Jury proceedings herein solely from her shorthand notes. Moreover, it was revealed that she had used a tape recorder in the Grand Jury room as a "backup system" to confirm her record of the proceedings, a questionable practice in view of the provisions of section 325 of the Judiciary Law which require that Grand Jury proceedings be taken "in shorthand or upon a typewriting machine". Of primary concern to us is the procedure that was followed in recording the legal instructions given by the District Attorney to the Grand Jury (CPL 190.25, subd 6). Rather than record and transcribe those instructions verbatim, the stenographer merely noted the specific statutory section quoted by the prosecutor and then later copied such enactment from a volume containing the text of the particular statute in preparing the transcript. While a failure to record instructions, standing alone, would be insufficient to justify the dismissal of an indictment, if there was a possibility of prejudice to a defendant as a result of such failure, dismissal would be warranted (see *People v Percy,* 45 AD2d 284, affd 38 NY2d 806). Here, the Grand Jury proceedings were complex, involving multiple defendants and charges. If seriously erroneous or misleading instructions were given by the District Attorney, there is no assurance they were adequately preserved for review (compare *People v Calbud, Inc.,* 49 NY2d 389). Accordingly, the trial court correctly granted the motions to dismiss with leave to resubmit the charges to another Grand Jury. Orders affirmed. Kane, J. P., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.