OPINION OF THE COURT
Francis A. Affronti, J.
Each of the above-named defendants is accused by separate indictments, of criminal sale of a controlled substance in the third degree, in violation of Penal Law § 220.39 (1). By notice of motion, the defendants, among other requested relief, seek an order dismissing the indictments, upon the grounds that the evidence presented before the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offenses (CPL 210.20 [1] [b]; 210.30). The Grand Jury minutes have been inspected and examined (CPL 210.30 [1], [2], [3]) and preliminarily, it is the finding that the evidence was legally sufficient to establish that the defendants committed the offenses, and that competent and admissible evidence was submit *713 ted to provide reasonable cause to believe the defendants committed such offenses. (CPL 190.65 [1].) However, as to each indictment, a legally unique question arises, namely, whether compliance with CPL 190.25 (6) requiring the District Attorney, where necessary or appropriate, to “instruct the grand jury concerning the law with respect to its duties or any matter before it”, and that “such instructions * * * be recorded in the minutes”, has been exacted.
It is noteworthy that the stenographic Grand Jury minutes for each of the completed cases are completely devoid of any separate and distinct legal instructions regarding the specific charges pending against the defendants. By way of explanation, the prosecution has advised that these defendants were but two of many individuals accused of identical or similar crimes whose cases were all presented at or within the same time frame, with the same applicable law common to all of them. Therefore, it is contended that a single reading of the relevant law at the time the first of many cases was presented illustrates total compliance with statute. (CPL 190.25 [6].)
The court has further reviewed the minutes of both the first and subsequent cases presented to the Grand Jury leading to a series of indictments, involving many persons, including the defendants in question. The minutes of the initial case presented recite the following salient descriptions of the District Attorney’s instructions: “The sections of law I’m going to read once, and they will, or some portions of them, will be applicable to each case we are going to hear today.” Thorough and complete instructions pertinent to the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree were thereupon related.
Importantly, upon conclusion of his remarks, the prosecutor stated the following: “At this point I know it’s confusing and you are not going to know when — what to apply what. I will help you along as we go along” (emphasis added).
The above instructions, which applied to the first matter given to the Grand Jury, occurred on September 19, 1984. As to defendant Kennedy, although no legal instructions were read, testimony pertaining to his charges was commenced and concluded on the same date. On October 1, 1984, the Grand Jury voted and returned the present indictment against him.
As to defendant Lopez, and unlike defendant Kennedy, testimony was not originally received and concluded, nor did the Grand Jury vote and return his present indictment, until Sep *714 tember 25,1984, six days after the very first case was heard and legal instructions communicated.
The factual and legal issues raised herein are novel, appearing to lack precedential guidance or direction. Diligent research has not uncovered previous instances where legal instructions have not been submitted on each individual case or defendant then being considered by the Grand Jury. However, courts have ruled upon the sufficiency of the instructions given and rendered conclusions on their legal effectiveness.
Likewise, this court is obligated to determine whether, based on the above course of action, the proceedings were defective pursuant to CPL 210.20 (1) (c). In relevant part, CPL 210.35 (5) states the following: “A grand jury proceeding is defective” when it “fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
“ ‘Where the failure to properly instruct the Grand Jury results in prejudice to a defendant, a dismissal of the indictment is required’ ” (see, People v Ruggieri, 102 Misc 2d 238, 239-240, citing People v Calbud, Inc., 66 AD2d 898, read on other grounds 49 NY2d 389). Such failure is not to be viewed as a “mere irregularity or a harmless procedural defect”, but constitutes “a substantive prejudicial denial of due process rendering the Grand Jury proceedings defective” and requires dismissal of the indictment (see, People v Carey, 120 Misc 2d 862, 866-867, citing People v Rallo, 46 AD2d 518; People v White, 44 AD2d 749; CPL 210.35 [5]; People v Mackey, 82 Misc 2d 766; see also, People v Malave, 124 Misc 2d 210; People v Pawley, 71 AD2d 307).
As legal advisor, the District Attorney is entrusted with the duty of instructing the Grand Jury concerning the law or any matter properly before it (CPL 190.25 [6]), and normally it is sufficient for the prosecutor to read the appropriate Penal Law sections to the Grand Jury. (See, People v Horne, 121 Misc 2d 389, citing People v Calbud, Inc., supra.) In Horne (supra) due to the prosecutor’s failure to define a specific felony, the Grand Jury was unable to know nor could it speculate which offense would serve as the underlying felony or what the elements of the underlying felony would be. Such was deemed error and the evidence regarding that count was not legally sufficient thereby resulting in dismissal.
Courts have repeatedly held that Grand Jury instructions have been so misleading that an indictment could not stand even though supported by legally sufficient evidence (see, People v Jobson, 119 Misc 2d 985). Additionally, failure to relate legal *715 instructions which were necessary and appropriate impaired the integrity of the Grand Jury’s deliberations to the prejudice of the defendant, rendering the proceeding defective within the meaning of CPL 210.20 (1) (c). (See, People v Loizides, 123 Misc 2d 334.)
The Grand Jury is an “arm of the court” and, therefore, courts have the responsibility to prevent unfairness in its proceedings. (See, People v Davis, 119 Misc 2d 1013, citing People v Ianniello, 21 NY2d 418.) In Davis (supra, p 1023) the court declared that “ ‘[w]hen the prosecutor inhibits a grand jury from comprehending all of its alternatives, he then improperly usurps its function and this cannot be tolerated’” (citing People v Tapalansky, NYLJ, June 9, 1976, p 13, col 4).
Extremely critical and paramount to the cases at bar, the instructions must be recorded in the minutes, “subject to review by the court so that it may determine whether there has been an impairment of the Grand Jury’s integrity and prejudice to the defendant may result”. (See, People v Colebut, 86 Misc 2d 729, 733-744, citing CPL 210.35 [5]; People v Percy, 45 AD2d 284, affd 38 NY2d 806.) However “[w]hile a failure to record instructions, standing alone, would be insufficient to justify the dismissal of an indictment, if there was a possibility of prejudice to a defendant as a result of such failure, dismissal would be warranted”. (See, People v Boots, 83 AD2d 705; emphasis added; citing People v Percy, supra, and People v Calbud, Inc., supra.) In Boots (supra) numerous factors, including the complexity of the proceedings, and the multiplicity of defendants and the allegations involved, were pondered by the court in affirming a dismissal of the indictments.
As enunciated in Calbud (49 NY2d 389, 395, supra) “we do not intend to suggest * * * that inadequate or incorrect legal instructions to the Grand Jury would never constitute grounds for dismissing an indictment as defective under CPL 210.35 (subd 5)” (emphasis added). Therefore, dismissal is indeed mandated, when, upon thorough consideration of all relevant and material circumstances, prejudice to the legal interests of the defendant is apparent. This court is constrained to employ the aforementioned tenets espoused in the cited precedent, in rendering its decision in the cases before it, after fully weighing the events encompassing the submission of each case to the Grand Jury.
It is conceded and acknowledged that the applicable law was initially stated by the District Attorney, but the time period from commencement of testimony to completion thereof, without intervention of a rereading of the law, culminating in the *716 indictments, is a source of distress to the court. This court does not believe that the prosecutor’s meager attempts to occasionally remind the Grand Jury that each of several cases comprised or emanated from the same investigation and that the law previously given to them was applicable to all, serves to cure or remedy the harm and prejudice accruing to a defendant. The District Attorney may be confronted with time and personnel restrictions, as well as a heavy and burdensome caseload, all of which this court is cognizant. Regardless of same, attempts at expediency to avoid a cumbersome task of duplicating or repeating the relevant law for successive or individual defendants are not to be condoned or forgiven and such practice undermines the Grand Jury’s essential function of acting as a buffer between the State and its citizens, thereby impairing the integrity of that body and sacrificing the statutory constitutional protections accruing to the defendant. (See, People v Calbud, Inc., supra.)
This court is not ruling that such a procedure is inappropriate or legally improper or defective in all such instances, but does emphasize that dismissal is called for only after a thorough case-by-case critique evidences actual or potential prejudice to a defendant, including, but not limited, to the volume and legal complexity of the cases presented, the multiplicity of defendants, the elapsed time period from the conveyance of instructions and commencement of testimony to the return of an indictment, and the number of witnesses and the scope of their testimony.
Upon the foregoing analysis, and after lengthy and intensive examination of the cases at issue, it is the conclusion that, as to case No. 1, pertaining to defendant William T. Kennedy (indictment No. 650-84), the procedure did not render the indictment defective, nor was the defendant prejudiced as a result thereof, pursuant to statutory and case law authority.
As to case No. 2, however, pertaining to defendant, Luis A. Lopez (indictment No. 645-84), the procedure followed did impair the integrity of the Grand Jury, and prejudiced the interests of defendant, thereby rendering the indictment “defective” and requiring its dismissal. (See, CPL 210.20 [1] [c]; 210.35 [5]; 190.25 [6].)
Now therefore, it is ordered, that defendant William T. Kennedy’s motion to dismiss indictment No. 650-84 is denied and his case placed on the hearing calendar of this court, and it is further ordered, that defendant Luis A. Lopez’s motion to dismiss indictment No. 645-84 is granted, without prejudice, and with leave to the District Attorney to resubmit same to another Grand Jury.