OPINION OF THE COURT
Eugene J. Berkowitz, J.
Query: should Grand Jury minutes be certified?
This novel issue has been presented to the court under the following circumstances:
*19 The defendants, herein, were indicted for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, each aiding the other as to these three counts.
The defendant Velez was also indicted for making an improper turn and unlawfully operating or driving a motor vehicle on a public highway.
In response to omnibus motions submitted by each defendant, this court rendered decisions on November 23, 1988 for Rivera and Velez, and on January 3, 1989 for Baez.
This court, sitting in Justice Calabretta’s Part, determined, upon inspection of the Grand Jury minutes, that the indictment was not defective, and that there was sufficient legal evidence to support the indictment. The court denied the motions to dismiss, and granted each defendant a Mapp hearing.
A Mapp hearing was commenced on March 9, 1989, before the Honorable Joseph S. Calabretta, and during the course of said hearing, there occurred a discrepancy between the testimony by the police witness on the stand and his prior Grand Jury testimony.
At that point, counsel for defendant Velez inquired: "Will the District Attorney stipulate that this is a true and accurate representation of the testimony given by the police officer before the Grand Jury?” The Assistant District Attorney responded: "Considering the fact I wasn’t there, I believe it to be as taken down by the reporter”.
Since the Assistant District Attorney could not and would not stipulate as to the truth and accuracy of any specific statements made in the Grand Jury testimony, defense counsel moved for a dismissal of the indictment. Counsel for defendant Rivera further argued that the Grand Jury minutes were not certified as being true and accurate, and should not have been submitted to the court in the first instance to determine whether the minutes could support the instant indictment.
Justice Calabretta then suspended the hearing, in order to allow all counsel to submit written motion papers, which were thereafter referred to me for decision.
All three defendants have now moved this court to reinspect the Grand Jury minutes; to dismiss the indictment, based upon such reinspection; and for dismissal of the indictment for *20 failure of the People to furnish a certification of the accuracy of the Grand Jury minutes previously inspected.
Upon reargument, the court has reinspected the Grand Jury minutes, and adheres to its original decisions dated November 23, 1988 and January 3, 1989, respectively.
Defendants contend that in the absence of a certification of truth and accuracy of a transcript, the court cannot accept the record for inspection, and is required to dismiss the indictment.
The defendants argue that the indictments must be dismissed for failure of the People to comply with CPLR 4540, which is entitled "Authentication of official record of court or government office in the United States”.
A careful review of this rule relied upon by the defendants pertains to the use of copies of documents. Said statute provides in pertinent part: "(a) Copies permitted. An official publication, or a copy attested as correct * * * is prima facie evidence of such record”.
Subdivision (b) ("Certificate of officer of the state”) provides in part: "Where the copy is attested by an officer of the state, it shall be accompanied by a certificate signed by, or with a facsimile of the signature of, the clerk of a court having legal custody of the record”. (Emphasis supplied.)
It is the opinion of the court that the Grand Jury minutes provided by the District Attorney’s office for inspection are original documents, and are not required to be certified by the specific reporter.
According to the People, the stenographers employed by the District Attorney’s office are required to take an oath that the testimony that they hear will be recorded by them as truthfully and as accurately as possible.
CPL article 190, relating to the Grand Jury and its procedures, is silent as to any requirement with respect to the certification of Grand Jury minutes by a stenographer. In fact, there are only two references made with respect to recording any Grand Jury proceedings in said statute.
CPL 190.25 ("Grand Jury; proceedings and operation in general”) subdivision (3) provides that during the Grand Jury proceedings, other than deliberations and voting, a stenographer authorized to record the proceedings may be present. The statute does not require their presence, nor does it spell out any requirements with respect to the method of recording and/or the certification of such recordings. Subdivision (6), *21 however, does require that any instructions to the Grand Jury concerning the law with respect to its duties or any matter before it, be recorded in the minutes.
In order for the court to dismiss this indictment it must be satisfied that the Grand Jury proceeding was, in some way, defective within the meaning of CPL 210.35. (CPL 210.20 [1] [c].)
CPL 210.35 states:
"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *
"5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
It has been held that an indictment is presumptively valid and will not be dismissed prior to trial absent clear proof establishing the legal insufficiency thereof. (See, People v Eason, 45 AD2d 863; People v Brinkman, 126 NYS2d 486, 490 [lawful Grand Jury proceedings are presumptively regular].)
The evidence submitted by the defendants fails to establish that the testimony before the Grand Jury was legally insufficient to support the indictment, and the presumption of regularity has not been rebutted. Moreover, the absence of a certification by the stenographer present during the proceedings as to the truth and accuracy of said testimony is not a defect contemplated by the Legislature when it enacted CPL 210.35. The court does not find the failure to certify the transcript of the Grand Jury proceedings in any way impaired the integrity of the Grand Jury or prejudiced the defendant.
Accordingly, the motions by the defendants to dismiss the indictment are denied for the reasons set forth above.