OPINION OF THE COURT
Joel L. Blumenfeld, J.
The issue in this case is the propriety of the Queens County *360 District Attorney’s Grand Jury practice whereby the Grand Jury stenographers, instead of providing the nisi prius court with a complete transcript of the Grand Jury proceedings upon a motion to inspect Grand Jury minutes, simply replace the transcribed charges with preprinted charge sheets.
On November 9, 1989 this court held a hearing to determine the defendant’s motion to inspect the Grand Jury minutes and to dismiss the prosecutor’s information. After the hearing, the Legal Aid Society petitioned this court to file an amicus curiae brief. This court granted the application and the parties and amicus have filed briefs with this court.
On December 19, 1988, Assistant District Attorney Richard Wissak presented the instant case against the defendant to a Grand Jury. The stenographer in the Grand Jury, Carol Witpen, an employee of the District Attorney’s Office, prepared the transcript in question which was presented at the hearing before this court. This computer-generated transcript contained three pages which are different from the rest. These different sheets are two charge sheets (one for assault in the second degree and one for assault in the third degree) and one closing sheet. The difference between these sheets and the rest of the transcript is that the transcript, without the charge sheets and the closing sheets, are on plain paper and the characters on the page are produced by a dot-matrix printer. The charge sheets and the closing sheet however are printed on bond paper with red-lined margins and the characters are quite different from the dot-matrix characters in the transcript.
Ms. Witpen testified that as Assistant District Attorney Wissak was charging on the law she would record stenographically what he was saying onto a computer cassette. At the end of the case Mr. Wissak handed her the preprinted forms which he had read from, which she then supposedly compared with the computer-generated transcription of his charge to the Grand Jury. After the comparison, the portions of the computer-generated transcript that contained the charges were discarded and the preprinted charges were substituted in their place.
Ms. Witpen further testified that prior to the substitution she compared the two and stated that although there may have been "misstrokes” that she presently couldn’t recall, the two were readily the same. However, the court has doubts about the testimony of the Grand Jury stenographer on this *361 point as she does not have any present memory as to the instant Grand Jury proceeding, because she either discarded or destroyed the cassette for this case, and because she furnished the court with a typed copy of Mr. Wissak’s charge that she claimed came from her original notes that included phrases that would only be used in charging a Grand Jury in a multiple defendant case. This was a single-defendant case and Assistant District Attorney Wissak indicated he would not have used these phrases in this case. Based on his testimony, her typed copy appears to track the preprinted forms and not Assistant District Attorney Wissak’s actual charge to the Grand Jury.
Significantly, Ms. Witpen testified that what was done in this case is the general procedure for all Grand Jury presentations. And finally, in accordance with what she testified is the Queens County District Attorney’s Grand Jury practice, neither the transcript nor the three attached sheets are certified.
i
Because the court was not furnished with the original transcript of the charges and closing sheets and since there is no certification of these minutes the defendant moves to dismiss the prosecutor’s information pursuant to CPL 210.20 (1) (c) on the ground that the Grand Jury proceeding was defective within the meaning of CPL 210.35. A Grand Jury proceeding is defective when, inter alla, the proceeding "fails to conform to the requirements of [CPL] article [190] to such [a] degree that the integrity thereof is impaired and prejudice to the defendant may result.” (CPL 210.35 [5].)
Accordingly, in order for the court to dismiss the prosecutor’s information on these grounds, the court must determine whether the Grand Jury proceeding was defective. If so, then the court must ascertain whether that defect is such that the integrity of the Grand Jury proceeding is impaired. If this is also the case, then the court must determine whether prejudice may result as a result from the defect. Only if all three steps are answered affirmatively may the court dismiss the prosecutor’s information as defective.
ii
Contained in CPL article 190 is a procedural requirement which states: "Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury *362 concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes.” (CPL 190.25 [6]; see also, People v Percy, 45 AD2d 284, affd 38 NY2d 806; People v Rallo, 46 AD2d 518, affd 39 NY2d 217.)
In the instant case, the Assistant District Attorney stated that he charged the Grand Jury on the offenses of assault in the second degree (Penal Law § 120.05), assault in the third degree (Penal Law § 120.00) and the general duties of the Grand Jury. The stenographer in the Grand Jury allegedly recorded those charges in the minutes. However, that which the People have presented to this court as Grand Jury minutes does not contain the transcription of these charges, but rather the preprinted forms of the charges that the Assistant District Attorney supposedly read from in the Grand Jury. Neither the transcript, nor the three charges are certified.
The Grand Jury stenographer testified that the reason that Grand Jury minutes are not certified (as opposed to court minutes which are) is that the Grand Jury is a secret proceeding and that the Grand Jury stenographers do not sell their minutes as do the criminal court stenographers. The stenographer further testified that this was a "time-saving” procedure (even though she was unable to show how this was so).
The issue of whether Grand Jury transcripts need to be certified was recently addressed by a nisi prius court in People v Velez (144 Misc 2d 18 [Sup Ct, Queens County 1989]). In Velez, the defendant argued "that in the absence of a certification of truth and accuracy of a transcript, the court cannot accept the record for inspection, and is required to dismiss the indictment” citing CPLR 4540 ("Authentication of official record of court or government office in the United States”). (People v Velez, supra, at 20.) CPLR 4540 pertains to the use of copies of documents and requires that such copies must be properly certified. The Velez court held that since Grand Jury minutes in that case were not copies but rather original documents they did not need to be certified. As stated in Velez, the CPL is silent as to Grand Jury minutes certification and it only contains two references to the recording of Grand Jury minutes. One is CPL 190.25 (3) which provides that a stenographer may be present during the proceedings other than deliberations and voting. The other is CPL 190.25 (6) which requires that the instruction concerning the law and the Grand Jury’s duties must be recorded.
*363 In the instant case, the court need not determine whether properly transcribed Grand Jury minutes in general must be certified. At issue in the instant case is the three pages of charges which are not a part of the original transcription. Since these pages are clearly not originals but instead are purported to be copies, they should have been certified pursuant to CPLR 4540.
It is important to point out that a motion to dismiss on the ground that the People’s instructions to the Grand Jury were insufficient does not survive after a trial where defendant is found guilty where there is legally sufficient evidence at trial (CPL 210.30 [6]; People v McGrath, 115 AD2d 128, 129, lv denied 67 NY2d 654). Since these motions are not appealable, the importance of this review cannot be stressed enough. Furthermore, the Grand Jury is an arm of the court and not the District Attorney (CPL 190.05; Matter of Additional Jan. 1979 Grand Jury v Doe, 50 NY2d 14, 20). Therefore, it is essential when the nisi prius court reviews the Grand Jury proceedings, that the transcripts be accurate.
Similarly, where there is a review of any proceeding that takes place in the nisi prius court, it is done through a certified transcript. For example, the Second Department requires for review on appeal the submission of a "transcript, certified as correct by the court reporter”. (22 NYCRR 699.10 ["Settlement of transcript”].) The court can think of no reason why it should require less as to Grand Jury minutes when it makes its review of the Grand Jury proceedings.
In fact, the accuracy of trial minutes can be contested by both sides present at the proceeding as well as by the court. Grand Jury proceedings, on the other hand, are secret with no defense attorney or Judge present and are transcribed by employees of the District Attorney.
Furthermore, a Trial Judge cannot direct a stenographer to switch a Judge’s written charge to a petit jury, for the actual recorded charge when certifying a trial record to an appellate court. Accordingly, this court holds that the District Attorney should not be permitted to switch preprinted charges for the actual charges for Grand Jury inspection by the nisi prius court.
m
As stated before, this clear violation of CPL 190.25 (6) does not, in and of itself, require dismissal. The next step is to *364 determine whether the integrity of the Grand Jury was impaired by this procedure.
As indicated above, the switching of the transcribed charges with the preprinted charges that the Assistant District Attorney supposedly read from is not unique to this case. It can be concluded from the testimony in the instant case that the switching is standard operating procedure in the Queens County Grand Jury. No credible reason was given by either witness as to why this procedure is occurring.
The stenographer testified that this switching procedure was done for “time-saving” reasons. However, the process of transcription as described by the stenographer involves the insertion of a cassette into the computer and then the computer’s printer prints out the entire transcript. The stenographer then switches and discards the sheets after allegedly comparing the two. This court cannot see how this process saves time at all — in fact it seems to this court that this switching process actually takes longer. It appears that there are only two reasons why this switching would take place. Either the District Attorney does not trust the abilities of his stenographers to accurately transcribe, or his Grand Jury Assistants to properly read the charges to the Grand Jury. Regardless of the reason, the integrity of the Grand Jury presentation is called into question and the potential for prejudice to the defendant is too great to be ignored. Furthermore, this practice constitutes a fraud upon the nisi prius court in that the People present these preprinted charge sheets as original transcriptions of the Grand Jury minutes. They are not.
This switching procedure immediately brings into question the integrity not only of this Grand Jury but indeed all Grand Juries in this county.
CPL 190.25 (6) was enacted in order to assure that the charges to the Grand Jury would be recorded in order for the court to be able to review them for accuracy and adequacy. (1967 Proposed CPL 95.25 [6] [now CPL 190.25 (6)], Staff Comment, at 148.) Furthermore, ”[w]hen the District Attorney’s instructions to the Grand Jury are so incomplete or misleading as to substantially undermine this essential function, it may fairly be said that the integrity of that body has been impaired.” (People v Calbud, Inc., 49 NY2d 389, 396.)
Here, because the original minutes of the charging has not been provided to this court, it is impossible to determine the adequacy of the instructions. Even assuming that Ms. Witpen *365 performed a cursory comparison of the preprinted charge with the original minutes, the risk is too great that a stenographer might ascribe a prosecutor’s speaking incorrectly or omitting a word, phrase or portion of a charge to being stenographic error and thereby remove that error from judicial notice and review. It is the court, and not the stenographer, who is responsible for overseeing the Grand Jury. Therefore, this court concludes that the integrity of the proceedings in the Grand Jury are suspect and, accordingly, impaired.
iv
The final requirement is that there must be a possibility of prejudice to the defendant. Interestingly enough, the People can violate certain provisions of CPL article 190 and suffer no penalty provided that the defendant was not prejudiced by these violations. A showing of mere irregularities in the procedure in the Grand Jury is not enough to dismiss. (People v Rallo, 46 AD2d, supra, at 528.)
The facts of this case are simple. Two women with a common boyfriend got into a physical fight. The defendant initiated the physical fight by throwing the first punch. After a few moments the two combatants were separated by bystanders. Despite the efforts of the bystanders to separate them, the fight resumed a second and third time. On the third time, the combatants fell to the ground. While on the ground the complainant felt something against her face. She later noticed that she was bleeding and she later received 45 stitches to her face. Absent from her testimony are any statements that she saw the defendant cut her or that she saw or knew what it was that cut her. Nor did the complainant even testify that the defendant was the one who cut her.
In the Grand Jury after the purported charges for assault in the second and third degrees (Penal Law §§ 120.05, 120.00) and justification (which interestingly is a part of the transcript and not the attached pages) a grand juror asked "as to the definition of Assault in the Third Degree.” The Assistant District Attorney ignored the question and instead proceeded to tell the Grand Jury only the difference between the type of physical injury needed for assault in the second and third degrees. He completely omitted the fact that the defendant must intend to cause the physical injury and that it was the defendant who caused the physical injury. This omission clearly prejudiced the defendant for if the Grand Jury be *366 lieved the injury was accidental or unintended and happened when the combatants fell to the ground they could have returned a no true bill instead of a prosecutor’s information.
As stated before, the absence of instructions or even somewhat incorrect instructions does not automatically mean the defendant was prejudiced. (See, e.g., People v Percy, 45 AD2d 284, supra; People v Calbud, Inc., supra; People v Boots, 83 AD2d 705 [3d Dept 1981].)
In People v Boots (supra), the stenographer in the Grand Jury, with limited experience, noted the specific statutory section instead of recording those instructions verbatim. Later she, in preparing the transcript, looked up the statute in a book and copied the text to the particular sections. The Third Department rejected this procedure and found it to not only be in violation of CPL 190.25 (6) but also found prejudice and upheld the nisi prius court’s dismissal of the indictment. The court held that the procedure gave no assurance that the instructions were adequately preserved for review in that there may have been serious erroneous or misleading instructions given by the prosecutor in the Grand Jury.
In the instant case, the original cassette used to create the transcript and portions of the original transcript have been destroyed. They have been replaced by charge sheets from the Assistant District Attorney in the Grand Jury. The similarities in effect between the instant case, and Boots (supra) makes these cases analogous for all practical purposes.
Furthermore, this court finds that the purported transcript is inaccurate. The court lacks confidence that the stenographer actually compared what she transcribed with the preprinted charge sheets. The court cannot assume that there was a proper charge as to the assault counts. However, even if the Grand Jury was properly charged, the clarifications provided by Assistant District Attorney Wissak were critically misleading in that they omitted the above elements and were thereby unresponsive to the grand juror’s question.
While it is true that the "Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law” (People v Calbud, Inc., supra, at 394), without the actual instructions before this court the court cannot determine how much prejudice may have occurred. However, there only has to be a showing of "a possibility of prejudice rather than actual prejudice” (People v Percy, 45 AD2d, supra, at 286). In the instant case, the court *367 cannot determine to what extent the defendant was prejudiced. Apart from the above-cited inadequate instructions, the court does not know whether the Assistant District Attorney made any additional "inadequate or incorrect legal instructions to the Grand Jury” (People v Calbud, Inc., supra, at 395). The reason the court does not know this is that the instructions were discarded when the computer cassette was destroyed. The potential for prejudice under these circumstances is great enough to grant the relief sought.
Accordingly, the defendant’s motion to dismiss the prosecutor’s information is granted. The People are granted leave to re-present this case to the Grand Jury.