■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUGENE JONES, Respondent. [657 NYS2d 641] —Order, Supreme Court, New York County (Charles Solomon, J.), entered March 9, 1995, dismissing an indictment for criminal possession of a controlled substance in the fifth degree on the ground of defective Grand Jury proceedings, unanimously reversed, on the law, the indictment is reinstated, and the matter remanded to Supreme Court for further proceedings.

Defendant was arrested in a buy-and-bust operation after allegedly facilitating an undercover officer's purchase, from a third party, of $10 worth of Xanax pills, which contained the controlled substance alprazolam. In testimony before the Grand Jury, defendant presented an alibi which was greeted with some skepticism. On cross-examination, defendant was asked about two prior arrests, in 1993 and 1990, both involving attempted sale of a controlled substance. In closing, the prosecutor instructed the grand jurors that defendant's prior record was to be considered only for evaluating his credibility,

and not for determining a propensity to commit the subject crime.

The nisi prius court found such questioning to be highly prejudicial, exceeding the bounds of permissible cross-examination, thus impairing the integrity of the Grand Jury proceedings. We disagree.

Defendant has an extensive criminal record covering more than 30 years. He was questioned about only two fairly recent matters, albeit both involving similar drug arrests. As the Court of Appeals recognized in *People v Sandoval* (34 NY2d 371, 376), the introduction of evidence of prior criminal conduct to impeach a defendant's testimony will always be somewhat prejudicial in the adversarial setting of a jury trial, where the standard is proof of guilt beyond a reasonable doubt. The general rule was thus laid down that such evidence may be introduced only if its probative worth on the issue of credibility outweighs the prejudicial effect of the impeachment. That rule does not necessarily apply, however, to Grand Jury proceedings (*People v Thomas*, 213 AD2d 73, *affd* 88 NY2d 821), where the objective is to determine the sufficiency of evidence to warrant further criminal process.

Dismissal of an indictment for impairment of the integrity of a Grand Jury proceeding (CPL 210.35 [5]) is an extraordinary remedy (*People v Rosado*, 212 AD2d 426) which requires meeting a very high and precise standard (*People v Darby*, 75 NY2d 449). Where dismissal on such grounds is based upon prosecutorial misconduct, the instances of such misconduct must be deliberate and must not be isolated (*see generally, People v Huston*, 88 NY2d 400).

In cross-examining a defendant before the Grand Jury, the prosecutor may bring up evidence of prior convictions and bad acts for the purpose of impeaching the witness' credibility. Here, the brief excursion into prior bad acts—concededly similar to the crime charged—was appropriately accompanied by a limiting instruction.

Defendant's credibility was clearly at issue. This was not one of those "rare cases" (*People v Huston, supra,* at 410) where defendant was prejudiced by irregularities rising to the level of impairment of the integrity of the Grand Jury process (*see, People v Landtiser*, 222 AD2d 525, *lv denied* 88 NY2d 988). Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.