OPINION OF THE COURT
William M. Erlbaum, J.
Defendant, Alex Cantos, in his omnibus motion has moved, inter alia, for dismissal of the indictment on the grounds that during his testimony before the Grand Jury the Assistant District Attorney (ADA) improperly failed to ask him questions raised by grand jurors and that there were off-the-record conversations between the prosecutor and the grand jurors. This court, in a decision dated April 18, 1997 (and incorporated by reference herein), ordered an evidentiary hearing on the issues of impropriety raised by the defendant and held the determination of the remaining portions of defendant’s omnibus motion in abeyance pending that hearing. An evidentiary Grand Jury Impropriety hearing was held by this court on May 29, 1997 and both sides have submitted memoranda of law in support of their conflicting positions. Oral argument was heard from defense counsel on September 30, 1997 and although the People chose to rely upon their memorandum of law, the answering Assistant District Attorney, Miriam McEnroe, Esq., at that time responded to several questions posed by this court.
The defendant and codefendant Jorge Feliz are charged under the above-captioned indictment with burglary in the third degree (Penal Law § 140.20) relating to a July 10, 1996 nighttime burglary of a clothing warehouse. Defendant testified before the Grand Jury and was represented by Michael Burger, Esq., of the Legal Aid Society who has brought the present motion.
Defendant’s Grand Jury testimony was to the effect that on the night in question he was talking to codefendant Feliz when *600 they were approached by a woman (hereinafter referred to as Jane Doe) who told them that there was a burglary in progress at the warehouse involving several men and a van and she asked defendant and Mr. Feliz to do something about the situation. After entering the opened warehouse with the intention of frightening away any intruders, defendant and codefendant were arrested inside by the police and charged with the instant crime. Jane Doe, whose testimony was requested by the Grand Jury, testified that she had in fact described the burglary to defendant, whom she knew from the neighborhood, and had asked defendant to investigate it.
At the Grand Jury Impropriety hearing held by this court, both defense counsel Mr. Burger and Assistant District Attorney Marios Sfantos, who presented this case to the Grand Jury, testified. There were no other witnesses.
FINDINGS AND CONCLUSIONS OF LAW
I find the hearing testimony of Mr. Burger and Mr. Sfantos, both officers of the court, to have been very credible and find no major inconsistencies between their testimony. Based upon the evidence adduced at the hearing and a review of the Grand Jury minutes, I find that at the conclusion of defendant’s Grand Jury testimony, ADA Sfantos engaged in off-the-record discussions with several Grand Jury members while still in the presence of Mr. Burger and defendant (although out of their actual earshot). This court accepts without reservations ADA Sfantos’ representations that these conversations related to grand jurors posing potential questions for defendant and ADA Sfantos’ discussions with them as to whether he would in fact ask such questions. Following this unrecorded colloquy, defendant was asked several questions by Mr. Sfantos, some of which had been raised by the Grand Jury, although ADA Sfantos did not clarify for the Grand Jury record the origin of each question. Only on two occasions did ADA Sfantos refuse to ask questions posed by grand jurors — both inquiries relating to what Jane Doe had told defendant about the burglary in progress. The Grand Jury record, however, is silent as to the specific questions raised by the grand jurors relating to Jane Doe’s conversation with defendant and ADA Sfantos failed to make a record before the Grand Jury as to his reasons for not posing such questions. Nevertheless, as explained by ADA Sfantos at the hearing, he had concluded that these two questions by the Grand Jury sought to elicit impermissible hearsay and that he had "already allowed too much of it to come in” *601 (hearing minutes, at 48) — referring to his having permitted defendant during defendant’s statement to the Grand Jury to address the details of his conversation with Jane Doe as well as ADA Sfantos’ own questioning of defendant on this topic.
Initially, this court rejects defense counsel’s argument that a Grand Jury prosecutor has an absolute obligation to present all questions posed by a Grand Jury if that is the panel’s desire. An Assistant District Attorney, as legal advisor to the Grand Jury (see, CPL 190.25 [6]), may foreclose an avenue of inquiry which is neither legitimate nor relevant to the issues before the Grand Jury (see, People v Smith, 182 AD2d 725 [2d Dept 1992], lv denied 80 NY2d 896 [1995]). Moreover, the prosecutor must apply the rules of evidence governing Grand Jury proceedings pursuant to CPL 190.30 and the Grand Jury prosecutor may rule upon the competency of a witness to testify or upon the admissibility of evidence (see, CPL 190.30 [6]). Hearsay evidence, as a general rule, is not permitted to be introduced before the Grand Jury (see, People v Swamp, 84 NY2d 725, 730 [1995]). However, it would appear that under the circumstances of this case, what Jane Doe told defendant about a burglary in progress falls within those exceptions to the rules against hearsay relating to res gestae, i.e., state of mind, intent and motive and, accordingly, the two excluded questions should have, in fact, been asked of defendant (see, Prince, Richardson on Evidence § 8-611 et seq. [Farrell 11th ed]). Nevertheless, the mere fact that an Assistant District Attorney fails to ask a permissible question raised by the Grand Jury will not automatically result in the dismissal of an indictment.
CPL 210.20 (1) (c) provides that an indictment may be dismissed where the Grand Jury proceeding is defective within the meaning of CPL 210.35. Subdivision (5) of CPL 210.35 provides that a Grand Jury proceeding is defective where it fails to conform to the Grand Jury requirements of CPL article 190 "to such degree that the integrity thereof is impaired and prejudice to the defendant may result” (see also, People v Di Falco, 44 NY2d 482 [1978]). In the instant case, defendant has failed to demonstrate that the integrity of the proceedings was impaired or that there was a possibility of prejudice to him by the prosecutor’s failure to ask him the two questions at issue. Defendant himself, during his statement to the Grand Jury, explained in detail the substance of his conversation with Jane Doe and this, in turn, was followed up by related questioning by ADA Sfantos. Accordingly, this court finds that this case does not qualify for the "exceptional remedy” of dismissal pur *602 suant to CPL 210.35 (5) (People v Darby, 75 NY2d 449, 455 [1990]).
This court, however, shares defense counsel’s concerns regarding off-the-record discussions between a Grand Jury and a presenting prosecutor. Nevertheless, assuming arguendo that any conversations between the prosecutor and the Grand Jury must be recorded, a violation of this requirement does not mandate dismissal of the indictment. It must first be determined whether any such conversations impaired the integrity of the Grand Jury process and whether the possibility of prejudice to defendant was created (see, People v Perry, 199 AD2d 889, 894 [3d Dept 1993], lv denied 83 NY2d 856 [1994]; People v DeRue, 179 AD2d 1027, 1029 [4th Dept 1992]; People v Collins, 154 AD2d 901, 902 [4th Dept 1989], lv denied 75 NY2d 769 [1989]; People v Erceg, 82 AD2d 947 [3d Dept 1981]; People v Linardos, 104 Misc 2d 56 [Sup Ct, Queens County 1980]; compare, Matter of Reports of Nassau County Grand Jury, 87 Misc 2d 453 [Nassau County Ct 1976], with People v Brown, 87 Misc 2d 403 [Sup Ct, NY County 1976]; see also, People v Percy, 45 AD2d 284, 286 [2d Dept 1974], affd 38 NY2d 806 [1975]; People v Wright, 146 Misc 2d 359 [Crim Ct, Queens County 1990] [addressing the failure to record Grand Jury instructions in accordance with CPL 190.25 (6)]). In the case at bar, this court is satisfied by the evidence adduced at the hearing that the unrecorded discussions between Mr. Sfantos and the Grand Jury do not warrant dismissal of the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (5). Nevertheless, as ADA Miriam McEnroe candidly conceded in response to this court’s questioning during oral argument, the better practice would have been to have had the stenographer record the exchanges between ADA Sfantos and the Grand Jury in order to provide a reviewing court with a complete record of the Grand Jury proceedings. In light of the fact that this issue is likely to repeat itself, this court strongly recommends that in order to avoid questions of impairment and impropriety, the District Attorney’s office of Queens County adopt a policy of recording proposed questions posed by members of the Grand Jury as well as the prosecutor’s legal discussion and rulings concerning such questions. Recognizing that there are numerous reasons why such exchanges between the prosecution and Grand Jury should not be overheard by a testifying witness, this court also recommends that at the conclusion of a witness’ testimony the witness be asked to step outside the Grand Jury room temporarily while the appropriate record is being made. The adoption of *603 such simple practices will obviate the need to litigate such issues as those addressed herein and will avoid the possibility of dismissal of future indictments in situations where unlike the instant case, off-the-record discussions between the prosecutor and Grand Jury are found to have impaired the integrity of the proceedings and to have created the possibility of prejudice to a defendant.
For all the foregoing reasons, defendant’s motion to dismiss the indictment is denied.
The remaining portions of defendant’s omnibus motion which were.held in abeyance pending determination of the Impropriety hearing are now decided as follows:
The first branch of the motion is granted only to the extent that the court has inspected the Grand Jury minutes. Upon inspection, the motion to dismiss or reduce is denied since the evidence adduced before the Grand Jury was legally sufficient to sustain the indictment. Moreover, the District Attorney properly instructed the Grand Jury on the relevant law (see, People v Calbud, Inc., 49 NY2d 389). Release of the Grand Jury minutes (except for defendant’s own testimony) is denied since defense counsel has failed to demonstrate any compelling need for such action and the court is able to determine the motion without assistance (see, CPL 210.30 [3]).
The second branch of the motion is granted to the extent that a Huntley/Dunaway hearing is ordered before trial.
The third branch of the motion seeking a Sandoval hearing is reserved for the trial court.
The fourth branch of the motion reserving the right to make further motions is granted to the extent permitted by CPL 255.20.