■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN L. BUTLER, Appellant. [708 NYS2d 218] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and perjury in the first degree (Penal Law § 210.15). County Court properly denied defendant's motion to dismiss the indictment. Although the prosecutor questioned defendant with respect to prior convictions, the prosecutor instructed the Grand Jury that the information was to be used in determining only the weight to be accorded defendant's testimony (see, People v Jones, 239 AD2d 234, 235). A Grand Juror's question whether defense counsel was assigned or retained did not prejudice defendant, who responded that family members paid for the attorney's services. "This was not one of those 'rare cases' [citation omitted] where defendant was prejudiced by irregularities rising to the level of impairment of the integrity of the Grand Jury process" (People v Jones, supra, at 235; cf., People v Huston, 88 NY2d 400, 409-410). The court properly amended the indictment to reflect that defendant appeared before the Grand Jury on January 15, 1998, rather than January 15, 1997. The error did not change the theory of the prosecution, and defendant "was not otherwise prejudiced 'on the merits'" (People v Pike, 254 AD2d 727, 728; see, CPL 200.70 [1]).

We conclude that the court properly determined that the search warrant application provided probable cause for the issuance of the search warrant (see generally, People v Bigelow, 66 NY2d 417, 423-424).

The contention of defendant that he was denied effective assistance of counsel because defense counsel permitted defendant to testify before the Grand Jury is based upon evidence outside of the record and therefore not subject to review on direct appeal (see, CPL 440.10; People v Snitzel, 270 AD2d 836; People v Speed, 226 AD2d 1090, 1091, lv denied 88 NY2d 969). Defendant's remaining contentions with respect to defense counsel's representation are without merit (see generally, People v Baldi, 54 NY2d 137, 147).

We reject the contention of defendant that he was prejudiced by an offer of proof of Molineux evidence (see, People v Molineux, 168 NY 264, 291, 293-294). The waiver by defendant of his right to a jury trial does not prevent the prosecution from seeking to admit evidence of prior bad acts of defendant. The

verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, the consecutive sentence of 3½ to 7 years for the perjury conviction is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Egan, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.