(October 3, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL ALSTON, Appellant. [713 NYS2d 731] —Judgment, Supreme Court, New York County (George Daniels, J., at hearing; Mary Davis, J., at plea and sentence), rendered November 7, 1996, convicting defendant of forgery in the second degree, grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree, petit larceny and criminal impersonation in the second degree, and sentencing him, as a second felony offender, to four terms of 2 to 4 years and two terms of 1 year, respectively, all sentences to run concurrently, unanimously affirmed.

Defendant's motion to dismiss the indictment was properly denied, since there was no impairment of the integrity of the Grand Jury proceedings. Defendant's credibility was properly impeached by questions about his prior convictions and prior bad acts, including those similar to the charges being presented to the Grand Jury (*see*, *People v Jones*, 239 AD2d 234; *People v Spulka*, 226 AD2d 321, *lv denied* 88 NY2d 969; *see also*, *People v Pavao*, 59 NY2d 282, 292). The Grand Jury was instructed on the limited purpose for which this testimony was received.

When the People disclosed a police memo book entry that had not been provided during the suppression hearing, the trial court properly exercised its discretion in reopening the suppression hearing "only to the extent necessary to cross-examine the People's witness as to the contents of the [memo book entry]" (*People v Feerick*, 93 NY2d 433, 452), and properly determined that no further relief was necessary. This was entirely appropriate since the memo book entry dealt with matters which the motion court had described as "not critical to my determining defendant's motion." Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.