OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People to correct an alleged typographical error in the grand jury transcript. The indictment charges the defendant with committing the crime of burglary in the second degree and other crimes on July 5, 2000, while the transcript reflects July 25, 2000, as the date for the commission of these crimes. After an inspection of the grand jury minutes revealed this discrepancy, the People were granted leave to amend the indictment to the latter date, but they responded that the date in the indictment was correct. This hearing followed, over the defendant’s objection.
*216 The People characterize this proceeding as a motion to settle the record (see People v Hoppe, 239 AD2d 777; People v Robinson, 221 AD2d 1029; CPL 460.70 [1]; CPLR 5525 [c]; 22 NYCRR 1000.4 [a] [1] [ii]).[1] The defendant concedes that an indictment may be amended to conform the date therein to the date testified to before the grand jury (People v Butler, 272 AD2d 900, lv denied 95 NY2d 864; CPL 200.70 [1]). However, he vehemently denies that there is authority for a reverse procedure, so he argues that the indictment must be dismissed as defective (see People v Velez, 144 Misc 2d 18;[2] CPL 210.35 [5]).
At the hearing the grand jury stenographer testified that she had served in that capacity for 27 years; that she had utilized a computer for two and a half years, and that the computer transcribed her stenographic notes; that she checked the transcript for typographical errors only, before she delivered it to the prosecutor; that at the prosecutor’s request she checked her stenographic notes against her computer, and she discovered that the transcript inaccurately showed the date of July 25, 2000; that the correct date was July 5, 2000; that the computer transcribed the date as July 25, because she punched the numeral “5” but had brushed the numeral “2”; that this brushing was responsible for the inadvertent numeral “2”; that the numeral “2” showed up on the notes as a “shadow” numeral “2”; that there were no shadows next to the other numeral “5” on the notes; that sometimes when she is hurried she punches a numeral instead of the spelled number; and that there is no doubt that the date in the transcript should have read “July 5, 2000” instead of “July 25, 2000.”
The prosecutor testified that this criminal action was assigned to her, and she presented the case to the grand jury; that she examined the complainant in the grand jury using the crime report that reflected the date of July 5, 2000, as the date of the crimes; that she had discussed that date with the complainant and the same date appeared in the preliminary hearing transcript; and that July 5, 2000, was the date the alleged crimes occurred, and she prepared the indictment to show that date. The clerk of the grand jury testified that the notes she was required to maintain likewise disclosed the date of those crimes as being July 5, 2000.
*217 The testimony at the hearing demonstrated quite convincingly that the correct date of the commission of the charged crimes was July 5, 2000, and that the date in the indictment was the correct date. Thus, the only issue to be resolved is whether any procedure exists to remedy the incorrect date in the transcript of the grand jury.
Although there is apparently no decisional or statutory authority that is applicable to the settlement of a grand jury transcript, that poses no impediment to the adoption of a procedure comparable to the settlement of a record on appeal (see, e.g., People v Santorelli, 95 NY2d 412, 423, for such procedure). Reliance upon the inherent power of the court in this situation would be appropriate to accomplish this (see Alvarez v Snyder, 264 AD2d 27, 35, lv denied 95 NY2d 759, cert denied sub nom. Diaz v Snyder, 531 US 1158;[3] People v Santiago, 185 Misc 2d 138, 142; People v Green, 170 Misc 2d 519, 522).
As all the applicable cases indicate, the settlement of the record on appeal is normally the responsibility of the trial judge (People v Santorelli, supra; People v Colin, 258 AD2d 663; People v Hoppe, supra; People v Robinson, supra; see People v Alomar, 93 NY2d 239), but obviously no judge was present at the grand jury proceeding. This is not an uncorrectable deficiency, since there may be deviation from this rule when the trial judge is unavailable (People v Butler, 75 AD2d 754; People v Bach, 31 AD2d 809; Curro v Watson, 884 F Supp 708, affd 100 F3d 942).
The two analogous cases of People v Velez (144 Misc 2d 18) and Curro v Watson (supra) indicate that the settlement of the grand jury transcript in the same manner as the settlement of the record on appeal would be an acceptable procedure.
In Velez, the grand jury transcript was not certified by the grand jury stenographer; at a pretrial hearing there occurred a discrepancy between the testimony of the police officer at the hearing and his prior grand jury testimony; the prosecutor could not and would not stipulate as to the truth and accuracy of any grand jury testimony; and the defendant moved to dismiss the indictment as defective, claiming that in the absence of certification, the court could not accept the grand jury transcript. The court found that the grand jury transcript did not have to be certified and refused to dismiss the indictment.
*218 In this case the variation between the date in the grand jury testimony and the date in the indictment could be equated with the variation between the grand jury testimony and the hearing testimony in Velez, so the denial of the motion to dismiss the indictment in that case on that basis should sanction the same result here.
In Curro the defendant (the plaintiff in this action) brought an action to recover damages from four New York State court reporters, alleging that they deliberately altered the transcript of his criminal trial; he claimed that the language in the charge was changed from “strangled or killed by other means” to “strangled or otherwise killed,” and that this improperly amended the indictment; he also claimed that one objection of his attorney to the prosecutor’s summation was deleted from the trial transcript; and a settlement hearing was conducted before the justice who presided at the defendant’s trial at which it was determined that the trial transcript was correct. The court concluded that the State’s postdeprivation remedies in the form of a transcript settlement hearing were adequate to protect the defendant’s (now plaintiffs) procedural due process rights and that the state hearing afforded him was sufficiently comprehensive. Ultimately, summary judgment was awarded to the defendant court reporters on the basis of qualified immunity.
Since the settlement transcript hearing relative to the trial in Curro was sufficient to protect the defendant’s due process rights when there was a claimed discrepancy that could improperly amend the indictment, it follows that a settlement transcript hearing relative to the grand jury proceeding where there is a discrepancy that affects the indictment would constitute a proper remedy here.
Accordingly, the grand jury transcript is settled to read that the crime was allegedly committed on July 5, 2000, as correctly alleged in the indictment.

. This case and these sections are not directly on point as they refer to a record on appeal.

. This case refused to dismiss an indictment because the grand jury transcript was not certified, but the motion was made because there was a discrepancy between the testimony of a police officer before the grand jury and at a pretrial hearing.

. The appellate court stated, “Inherent power is a recognized adjunct to judicial power when a Judge must discharge a responsibility, but lacks guidance from explicit legislative or decisional authority.”